## A07A0171. SMITH v. THE STATE.

(644 SE2d 913)

RUFFIN, Judge.

Corey Smith was indicted for murder, four counts of felony murder, two counts of aggravated assault with a deadly weapon, two counts of possessing a firearm by a convicted felon, and possessing a firearm during the commission of a felony, all arising from the

shooting death of Lynette Reese.[1] A jury found him guilty of voluntary manslaughter — a lesser included charge to Count 10, felony murder[2] — and possessing a firearm during the commission of a felony, and acquitted him on the remaining charges.[3] Smith appeals, arguing that his acquittal on the two aggravated assault charges precludes his conviction for voluntary manslaughter because Count 10 impermissibly relies upon the "status offense" of possessing a firearm by a convicted felon.[4] We disagree, and affirm.

Construed to support the jury's verdict,[5] the evidence shows that on March 19, 2002, Smith, Carter, and Nesmith engaged in a gun battle near the playground area of an apartment complex. In his statement to police, Smith conceded that he was the first to display a gun, although he contends that Carter fired the first shot. After Carter began shooting, Smith went into and exited a woman's apartment, and then fired his gun at Carter. According to a witness, the shootout lasted "about five minutes." A bullet from Carter's AK-47 assault rifle passed through a wall and lodged in Reese, who was lying on her bed in her apartment. Approximately one month later, Reese died as a result of complications from the gunshot wound to her abdomen.

In a single paragraph argument, Smith contends that as a result of his acquittals on the aggravated assault charges against Carter, his conviction for voluntary manslaughter cannot stand because, under *Ford v. State*,[6] the status offense of being a convicted felon in possession of a firearm cannot support the felony murder charge alleged in Count 10. In *Ford*, our Supreme Court determined that the underlying felony supporting a felony murder conviction must create a foreseeable risk of death or be inherently dangerous.[7] The Court concluded that the offense of possessing a firearm by a convicted felon did not support a felony murder conviction where the defendant accidentally shot and killed the victim while reloading a gun.[8]

---

[1] Two co-defendants, Chenard Carter and Deante Jabril Nesmith, were also charged with crimes stemming from Reese's death.

[2] Count 10 charged that Smith "did unlawfully during the commission of a felony, to wit: possession of a firearm by a convicted felon[,] OCGA § 16-11-133, cause the death of Lynette Reese, a human being, by shooting at Chenard Carter."

[3] Smith's conviction for possessing a firearm during the commission of a felony was later vacated by the trial court because the jury was not instructed that voluntary manslaughter was a felony offense. See *Prather v. State*, 259 Ga. App. 441, 443 (1) (576 SE2d 904) (2003).

[4] Counts 4 and 9 charged Smith with aggravated assault against Carter.

[5] See *Duncan v. State*, 281 Ga. App. 270 (1) (635 SE2d 875) (2006).

[6] 262 Ga. 602 (423 SE2d 255) (1992).

[7] Id. at 603.

[8] Id. at 603-604.

Thus, Smith's reliance on *Ford* is misplaced. First, we question the applicability of *Ford* to this case, since Smith was convicted of voluntary manslaughter, not felony murder. More importantly, however, Smith's participation in a five-minute gun battle in an occupied apartment complex was clearly dangerous and life-threatening, and had "an undeniable connection to the homicide."[9] And, contrary to Smith's argument, his acquittal of the aggravated assault charges does not require reversal, as "the inconsistency cannot be used as an avenue to challenge the conviction since the 'inconsistent-verdict rule' has been abolished in this state."[10] Accordingly, Smith has shown no error.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 10, 2007.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[9] *Roller v. State*, 265 Ga. 213, 214 (2) (453 SE2d 740) (1995); see also *Carthern v. State*, 272 Ga. 378, 380 (529 SE2d 617) (2000) (firing a gun into an inhabited building threatens human life); *Metts v. State*, 270 Ga. 481, 482-483 (1) (511 SE2d 508) (1999) (pointing a gun, which then discharged, through a window toward another person was life-threatening and therefore sufficient to support felony murder conviction); *Chapman v. State*, 266 Ga. 356, 357-358 (2) (467 SE2d 497) (1996) (felony offense of misuse of a firearm while hunting is a predicate to felony murder where defendant shot toward what he thought was a deer, killing another hunter).

[10] *Metts*, supra at 483 (2).