A07A0549. SMITH v. THE STATE.

(647 SE2d 346)

BERNES, Judge.

A Cobb County jury found Danny Ray Smith guilty of rape, four counts of child molestation, two counts of sexual battery, and one count of sexual exploitation of children. On appeal, Smith claims that the trial court erred in allowing into evidence a videotape and two pornographic magazines. We disagree and affirm.

1. Smith claims that the trial court erred in admitting a videotape into evidence over his objection that the videotape had not been properly authenticated.[1] We disagree.

Evidence at trial showed that Smith owned a video camera which he used to tape the molestation victims, nine-year-old K. R. and eleven- or twelve-year-old N. G. During the investigation of the case, the victims' mother delivered Smith's video camera and a videotape to the investigating detective. The detective viewed the original videotape. She also viewed the videotape which had been copied from the original cassette tape onto a larger VHS cassette tape for presentation in court, and confirmed at trial that the copy of the videotape was a fair and accurate depiction of the original. She also testified at trial that the videotape presented to the jury had not been altered, edited, or changed in any way from the original.

The tape contained three segments. The first segment showed victim K. R. Smith does not argue that any prejudicial material is depicted in this segment. The second segment showed N. G. sleeping

---

[1] Smith's enumeration of error also claims that the magazines were not properly authenticated, but he presents no argument on this issue. The claim of error is deemed abandoned. Court of Appeals Rule 25 (c) (2).

partially nude, in her underwear. The camera was alternately focused upon the child's breast and vaginal areas. The third segment showed Smith, K. R., and N. G. passing the camera back and forth. The camera zoomed in and out of N. G.'s vaginal area. The detective recognized Smith's voice in the second and third segments.

(a) Smith claims that the videotape was not properly authenticated because there was no witness identification of the scenes or events shown on the tape. Smith did not testify at trial and neither K. R. nor N. G. was asked about the events recorded on the videotape.

OCGA § 24-4-48 enacts a procedure for the admission of videotapes and other media when a person who can provide personal authentication is unavailable. *Wilson v. State*, 279 Ga. App. 459, 462 (3) (631 SE2d 391) (2006). If OCGA § 24-4-48 does not apply, then "a videotape is admissible where the operator of the machine which produced it[ ] or one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred." *Phagan v. State*, 268 Ga. 272, 281 (5) (486 SE2d 876) (1997).

In this case, the trial court concluded that the videotape was admissible under OCGA § 24-4-48 (b). It provides:

> Subject to any other valid objection, photographs, motion pictures, videotapes, and audio recordings shall be admissible in evidence when necessitated by the unavailability of a witness who can provide personal authentication and when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered.

The trial court properly concluded that Smith, who did not testify and was privileged to exercise his right against self-incrimination, was unavailable to provide personal authentication of the videotape. See OCGA § 24-4-48 (a) (1) (a witness is unavailable if he "[i]s exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the authentication"); *Phagan v. State*, 268 Ga. at 281 (5). The trial court, after previously noting that N. G. was shown sleeping, further concluded that "the child herself can't testify that it happened." Therefore, Smith was the only person who could personally authenticate the portion of the videotape portraying the sleeping N. G., and he was not available. The trial court was authorized to conclude that the necessity requirement of OCGA § 24-4-48 had been satisfied as to this segment of the videotape.

In order for the videotape to be admissible under OCGA § 24-4-48, the trial court was also required to conclude that competent

evidence tended to show reliably the fact or facts for which the videotape was offered. See OCGA § 24-4-48 (b). That N. G. appeared on the tape and that Smith made the tape was shown by the testimony of the investigating officer, who identified N. G. and who recognized Smith's voice on the segment of the tape showing N. G. to be asleep. See, e.g., *Craft v. State*, 252 Ga. App. 834, 844 (2) (558 SE2d 18) (2001) (trial court could infer that defendant took photographs in light of detectives' testimony that they seized photographs from defendant's office or home and that the photographs depicted defendant's office or home). That Smith made the tape is also supported by the investigator's testimony that when she asked him about the pictures of N. G., Smith replied that he was trying to figure out how to use the camera, "especially the zoom in and the zoom out." In view of the foregoing, the trial court was authorized to find that the second segment of the videotape reliably showed the facts for which it was offered and was admissible under OCGA § 24-4-48 (b). Id.

We do not reach the same result as to the events portrayed in the first and third segments of the videotape. The victims were not sleeping in these segments of the videotape, and K. R. and N. G., both of whom testified at trial, were available to authenticate these portions of the videotape. Neither child was asked during her testimony to confirm that the videotape accurately portrayed the events they had witnessed. Accordingly, we cannot find that those portions of the videotape were properly authenticated. See *Phagan v. State*, 268 Ga. at 281 (5) (videotape was admitted in error where the minor depicted in the tape was not unavailable at trial, and no one testified that what the jury was seeing was an accurate portrayal of what had occurred).

However, Smith objected to the admission of the videotape as a whole, and did not object to any particular segment of the tape or request that any specific portion be excluded. "Upon the tender of demonstrative or documentary evidence, part of which is admissible and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit it all." (Citation and punctuation omitted.) *Morrill v. State*, 216 Ga. App. 468, 473 (9) (454 SE2d 796) (1995). Accord *Kirkland v. State*, 206 Ga. App. 27, 29 (6) (424 SE2d 638) (1992).

(b) Smith also contends that the videotape was not properly authenticated because the State failed to show chain of custody or proof that the camera was working properly. However, the State was not required to show chain of custody because a videotape is "a distinct recognizable physical object that can be identified upon observation." *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313) (1993). Further, the detective testified that the copy of the tape which was shown to the jury was a fair and accurate depiction of the tape she

received from the victims' mother. See, e.g., *English v. State*, 205 Ga. App. 599 (1) (422 SE2d 924) (1992) (photographic copy of freeze frame in a videotape was admissible where witness testified the copy was a fair and accurate representation).

As to Smith's contention that the State failed to show that the video camera was working properly, the evidence showed that the camera was working at least well enough for the events and persons portrayed thereon to be recognizable. "The fact that the tape[ ] exist[s] at all is evidence that the tape recorder was functional and that [Smith] knew how to operate it." *Willett v. Russell M. Stookey, P.C.*, 256 Ga. App. 403, 409 (3) (568 SE2d 520) (2002).

In view of the foregoing, we conclude that the videotape was not inadmissible on the grounds asserted by Smith. The trial court did not abuse its discretion in allowing the videotape into evidence over Smith's objection that it was not properly authenticated. See *Ross v. State*, 262 Ga. App. 323, 328 (4) (585 SE2d 666) (2003).

2. (a) The State also introduced into evidence over Smith's objection two sexually explicit magazines entitled "Barely Legal" and "Finally Legal" which were shown to have been in Smith's possession. Smith contends that the trial court erred in admitting the magazines because they did not exhibit his lustful disposition toward the charged sexual activity.

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

*Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).

Smith argues that while the magazines are sexually explicit, they depict women over the age of 18 and are probative only of his healthy interest in adult sexual activity. The trial court, however, concluded that "the whole idea [of the magazines] is to attract men . . . who like very young women." This characterization is well supported. Both magazines contain photographs of nude young women in sexually provocative positions. The captions on the cover of "Barely Legal" include "I still feel like a virgin," and "angel's face is innocent." The cover of "Finally Legal" promises "Training Bra Dropout" and "Big Girl's Boobies on a Li'l Girl's Body." The trial court was entitled to conclude that Smith's possession of the magazines exhibited at least a lustful disposition toward sexual activity with minor females. The

trial court did not abuse its discretion in allowing the magazines into evidence. See *Lunsford v. State*, 260 Ga. App. 818, 823 (4) (581 SE2d 638) (2003) (where appellant was charged with child molestation, "[t]he admission of the 'Dirty Debutantes' [pornographic] videotape was not in error, as it illustrated [appellant's] interest in sexual activities involving young women"). Compare *Newton v. State*, 281 Ga. App. 549, 554-555 (3) (636 SE2d 728) (2006) (state did not link a Playboy magazine to the crimes charged, including child molestation, and the trial court erred when it admitted the magazine).

(b) Smith also argues that the trial court erred in allowing a "sexual videotape" into evidence because it did not show his bent of mind to engage in the charged activities. Our review of the trial exhibits indicates that the only videotape put into evidence by the State, other than videotaped interviews of the victims, was the homemade videotape discussed above in Division 1. That videotape was relevant and admissible as primary evidence of the sexual exploitation charge alleged in the indictment in that the indictment alleged that Smith "did video [N. G.'s] vaginal area while sleeping, which was lewd exhibition of the pubic area of said minor." See OCGA § 16-12-100 (a) (4) (D), (b) (8). The videotape also showed a lustful disposition as to N. G. We find no error.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 4, 2007.

*Angela Moore-Brown*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.