### A08A0447. BETHUNE v. THE STATE.

(662 SE2d 774)

MILLER, Judge.

A jury found Dexter Lee Bethune guilty of armed robbery, possession of a firearm during the commission of a felony, and four counts of aggravated assault (OCGA §§ 16-8-41; 16-11-106; 16-5-21, respectively), and not guilty of an additional count of armed robbery. The trial court merged three of the aggravated assault charges into the remaining aggravated assault and armed robbery charges prior to sentencing. Bethune appeals, contending that the trial court erred in conducting a hearing outside his presence, denying his *Batson* challenge, and incorrectly recharging the jury. Bethune also claims that the guilty verdict on the aggravated assault charge as to one victim was inconsistent with the not guilty verdict on the armed robbery charge as to that victim. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on the evening of December 27, 2004, Bethune, Mamadon Dieye, and Omari Gray entered a gas station on Highway 138 in Walton County. Bethune and his accomplices, who were each wielding a gun, demanded money from the two occupants of the store and ultimately fled the scene with approximately $1,000 in cash, as well as lottery tickets, and six boxes of watches.

Shortly thereafter, police officers made contact with a car fitting the description provided by the victims, and Dieye was apprehended inside the car with a gun and proceeds from the robbery. Bethune and Gray were apprehended as they fled the car by foot.

1. Bethune claims that the trial court erred by holding part of a pre-trial motions hearing outside his presence. Given that Bethune was not harmed by his temporary absence, his right to a fair trial was not violated.

Prior to jury selection, Bethune's counsel raised a *Bruton* issue with regard to the admissibility of a self-serving statement allegedly made by co-defendant Dieye. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). The Court engaged in a brief colloquy with counsel as to such, but did not make a ruling. Bethune's counsel next raised a *Jackson-Denno* issue with regard to the admissibility of a statement allegedly made by Bethune. See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). At that point, the trial court noticed that Bethune was not present in the courtroom. Once Bethune was brought into the courtroom, the trial court explained the argument that had occurred in his absence, and Bethune's trial counsel agreed that the trial court's explanation was a "fair encapsulation" of the discussion.[1]

A defendant has a right to be present "at any stage of [a] criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U. S. 730, 745 (III) (107 SC 2658, 96 LE2d 631) (1987). Here, however, Bethune was absent for that portion of the hearing that related solely to legal matters that were ultimately resolved in his favor; his trial counsel was present during the hearing; and the trial court explained to Bethune what had occurred in his absence.

For these reasons, we conclude that there did not exist a reasonably substantial relation between Bethune's presence and his opportunity to defend against the charges against him. See *Parks v. State*, 275 Ga. 320, 325 (3) (565 SE2d 447) (2002) (no fair trial violation where trial court intentionally excluded defendant from bench conferences relating solely to legal issues and defense counsel was present). Accordingly, we find no merit to this enumeration of error.

2. Bethune claims that the trial court erred by denying his *Batson* challenge to the State's peremptory strike of the sole African-American on the jury venire. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). We disagree.

In *Purkett v. Elem*, 514 U. S. 765, 767-769 (115 SC 1769, 131 LE2d 834) (1995), the United States Supreme Court established a

---

[1] The trial court ultimately ruled that counsel would not be allowed to reference Dieye's alleged pre-trial statement unless he chose to testify and that Bethune's alleged pre-trial statement could not be used other than for impeachment purposes if Bethune chose to testify. Neither statement was introduced at trial.

three-step test for evaluating challenges to peremptory strikes on *Batson* grounds:

> First, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination. Second, the burden of production then shifts to the proponent of the strike to give a race-neutral reason for the strike. Third, after hearing from the opponent of the strike and considering the totality of the circumstances, the trial court then decides whether the opponent of the strike carried his burden of proving discriminatory intent in fact motivated the strike.

(Footnote omitted.) *Freeman v. State*, 253 Ga. App. 401, 402 (1) (559 SE2d 146) (2002).

The preliminary issue of whether the defendant established a prima facie case of discrimination is moot, however, where the State offers a purportedly race-neutral explanation for the peremptory challenge and the trial court rules on the ultimate question of intentional discrimination. *Jackson v. State*, 220 Ga. App. 98 (469 SE2d 264) (1996). Here, the State asserted that it used one of its peremptory strikes against the African-American venire member because, when she was asked on the juror questionnaire if she had ever served on a jury, she responded that "I don't know what a juror is."

While Bethune complains that the State failed to ask the venire member sufficient follow-up questions that might have explained such response, the State was not required to ask any follow-up questions, and its proffered reason for striking a venire member must be accepted by the trial court so long as it is not inherently discriminatory. *Jones v. State*, 226 Ga. App. 428, 429 (1) (487 SE2d 62) (1997). As a result, the trial court did not clearly err in concluding that Bethune failed to carry his burden of overcoming the State's proffered race-neutral reason for dismissing the venire member. *Darnell v. State*, 257 Ga. App. 555, 557 (4) (571 SE2d 547) (2002).

3. Bethune also alleges that the trial court erred in recharging the jury as to "parties to a crime." We disagree.

During jury deliberations, the jurors sent out a list of five questions. As part of its response, the trial court recharged the jury as to the legal principle of being a party to a crime. Bethune's assertion on appeal, that "the jury asked no questions pertaining to parties to a crime[,]" is contrary to fact. The record shows that two of the five questions submitted by the jury related to the application of the principle of being a party to a crime.

Where the jury requests additional information from the trial court, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. *Walter v. State*, 256 Ga. 666, 668-669 (2) (352 SE2d 570) (1987). Given that two of the jury's five questions explicitly related to the application of the "parties to a crime" principle, the trial court did not abuse its discretion in recharging the jury as to that principle.

4. Bethune finally argues that the guilty verdict on the aggravated assault charge as to one of the victims was inconsistent with the not guilty verdict on the armed robbery charge as to that victim. In Georgia, the inconsistent verdict rule in criminal cases was abolished over 20 years ago. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). While Georgia continues to recognize the rule against mutually exclusive verdicts, such rule "applies to multiple guilty verdicts which cannot be logically reconciled; the rule is not implicated where, as here, verdicts of guilty and not guilty are returned." (Citation omitted.) *Shepherd v. State*, 280 Ga. 245, 248 (1) (626 SE2d 96) (2006). Moreover, the crimes of aggravated assault and armed robbery have different elements, so that the jury could have found that Bethune was guilty of assaulting both victims but robbing only one of them. See OCGA §§ 16-5-21; 16-8-41.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 23, 2008.

*Anthony O. Van Johnson*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.