## A08A1302. ROGERS v. THE STATE.
### (670 SE2d 106)

MIKELL, Judge.

Antwan Devon Rogers was indicted along with four co-defendants on ten counts of aggravated assault, ten counts of possession of a firearm during the commission of a crime, three counts of criminal damage to property in the second degree, and one

---

[30] Supra.
[31] (Citation omitted.) *Green v. State*, 287 Ga. App. 248, 251 (2) (651 SE2d 174) (2007).

count of unlawful gang activity.[1] He was tried separately and convicted of all ten counts of aggravated assault and of unlawful gang activity. The jury acquitted Rogers of the remaining charges. The trial court sentenced him to serve 35 years in confinement, plus 20 years on probation. On appeal from the denial of his motion for new trial, Rogers argues that the trial court violated OCGA § 17-8-57 and reversibly erred in admitting a videotape into evidence. We disagree and affirm.

1. OCGA § 17-8-57 "prohibits an expression or intimation of opinion as to what has or has not been proved or as to the guilt of the accused. . . . [T]he [C]ode section is not violated by the remarks of the trial court when giving reasons for a ruling."[2] In the case at bar, defense counsel complained to the court, outside the presence of the jury, that a state's witness had been observed talking to another witness in the hallway outside the courtroom. The court explained to counsel that because the conversation took place before any witnesses had been sworn, the rule of sequestration had not been violated. Defense counsel subsequently cross-examined the witness concerning the conversation, which she admitted took place. Thereafter, the judge explained the rule of sequestration and instructed the witness not to discuss her testimony with anyone. The judge also stated, as he had previously to counsel, that because the conversation took place before any witnesses had been sworn, the rule of sequestration had not been violated. Rogers contends that the court violated OCGA § 17-8-57 by expressing an opinion on the credibility of the witness. We disagree. "A ruling by the court on a point of law is not an expression of opinion";[3] neither are remarks by the court explaining the court's rulings.[4] Here, the court's explanation of the rule of sequestration and its ruling that the rule had not been violated because the witnesses had not been sworn was not a prohibited expression of opinion.

2. In his second enumeration of error, Rogers argues that the trial court erred in admitting a videotape depicting him engaging in purported gang activity several months before the shootings that led to the underlying indictment. Rogers contends that the court admitted the videotape pursuant to the "silent witness" rule, and further asserts that the trial court relied on OCGA § 24-4-8 (c), which

---

[1] OCGA §§ 16-15-3; 16-15-4.

[2] (Citation and punctuation omitted.) *Dixon v. State*, 196 Ga. App. 15, 18 (7) (395 SE2d 577) (1990).

[3] (Citations omitted.) *Jackson v. State*, 154 Ga. App. 514-515 (4) (268 SE2d 784) (1980).

[4] See *Watson v. State*, 278 Ga. 763, 769 (4) (604 SE2d 804) (2004) (jury charge given after testimony of defendant's sister explaining rule of sequestration was not an impermissible expression of opinion because it did not suggest that the witness violated the rule).

governs the method for admitting videotapes created by unmanned cameras.[5] Neither assertion is correct. The videotape in this case was made by a person whom the state could not produce as a witness at trial, so the issue was the unavailability of the authenticating witness. Accordingly, the state sought to admit the videotape pursuant to OCGA § 24-4-48 (b), which provides:

> Subject to any other valid objection, photographs, motion pictures, videotapes, and audio recordings shall be admissible in evidence when necessitated by the unavailability of a witness who can provide personal authentication and when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered.[6]

The state laid a foundation for the admission of the videotape, and the trial court ruled that the authenticating witness was unavailable within the meaning of OCGA § 24-4-48 (a) (5).[7] The state also provided an expert witness who testified that the videotape had not been altered in any way.

On appeal, Rogers does not argue that the videotape was not properly authenticated. He argues only that a proper foundation was not laid under OCGA § 24-4-48 (c) because no competent witness testified as to the date and time of the tape. As the videotape was not admitted under that portion of the statute which requires a date and time on such evidence, this enumeration of error presents nothing for review.

3. Lastly, Rogers argues that the trial court erred in allowing a state's witness to identify him on the videotape because the issue was within the province of the jury. He cites no authority in support of this proposition, but we will exercise our discretion to address it.[8]

To be sure, "it is improper to allow a witness to testify as to the identity of a person in a video or photograph when such opinion evidence tends only to establish a fact which average jurors could

---

[5] See *Holloway v. State*, 287 Ga. App. 655, 657 (2) (653 SE2d 95) (2007).

[6] See, e.g., *Smith v. State*, 285 Ga. App. 658, 659 (1) (a) (647 SE2d 346) (2007).

[7] Under OCGA § 24-4-48 (a) (5), " 'unavailability of a witness' includes situations in which the authenticating witness . . . [i]s absent from the hearing and the proponent of the authentication has been unable to procure the attendance of the authenticating witness by process or other reasonable means."

[8] See Court of Appeals Rule 25 (c) (2) (claim of error unsupported by citation of authority or argument may be deemed abandoned).

decide thinking for themselves and drawing their own conclusions."[9] Thus,

> a lay witness's testimony concerning an identification should be admitted for the jury's consideration *only* if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [videotape] than is the jury, as when the witness is familiar with the defendant's appearance around the time [the videotape was made] and the defendant's appearance has changed prior to trial, or when the witness knows about some other distinctive but presently inaccessible characteristic of the defendant's appearance.[10]

In this case, Paul Godden, a member of the Richmond County Sheriff's Office's Gang Task Force, identified several alleged gang members on the videotape, including another defendant as well as Rogers. Godden testified that on the videotape, Rogers identified himself by his street name, "Little Hammer." However, we cannot say that this knowledge provided a basis for concluding that Godden was more likely to identify Rogers correctly than was the jury,[11] because his street name did not relate to his physical appearance, and Godden did not testify that Rogers's appearance had changed prior to trial. Therefore, the trial court erred in permitting Godden to identify Rogers on the videotape.

The error, however, was harmless. Before the tape was admitted, Godden had testified that the shootings in this case evolved from a dispute between gangs, including the Shirley Avenue Boys and a group known as "ODUB," of whom Rogers was a member. A co-defendant of Rogers, Cordero Dunn, who pleaded guilty to five counts of aggravated assault, had testified that he, Rogers, and most of the other defendants met at a club on the night of the shootings; that the Shirley Avenue Boys started a fight with Dunn and his friends; that these defendants, including Rogers, left the club; that later, they went riding around and ended up at Shirley Avenue; and that the shooting started when someone came out of a residence with a gun in his hand. Dunn testified that only he and another defendant did the shooting. However, Dunn admitted that he gave statements

---

[9] (Punctuation omitted.) *Dawson v. State*, 283 Ga. 315, 320 (4) (658 SE2d 755) (2008), citing *Mitchell v. State*, 283 Ga. App. 456, 458-459 (641 SE2d 674) (2007).

[10] (Punctuation and footnotes omitted; emphasis in original.) *Mitchell*, supra at 457-458; accord *Grimes v. State*, 291 Ga. App. 585, 590-592 (2) (662 SE2d 346) (2008).

[11] Compare *Bradford v. State*, 274 Ga. App. 659, 661 (3) (618 SE2d 709) (2005) (affirming admission of lay testimony identifying defendant as the person on videotape of store robbery on the basis of his distinctive body movements).

to Godden and the FBI identifying Rogers as one of the shooters, and the statements were admitted into evidence. Further, Dunn identified Rogers in photographs flashing a gang sign and holding a gun, which is what he was depicted doing on the videotape. Moreover, defense counsel replayed the videotape during Rogers's testimony, and Rogers identified himself and his co-defendant. Rogers also pointed out that he was holding a Glock nine millimeter handgun, although he claimed it did not belong to him; and that he flashed the "ODUB" sign for the camera. On cross-examination, Rogers identified himself in a photograph displaying the same gang sign and holding a gun. Thus, misidentification was not the basis for Rogers's defense.[12] Accordingly, the trial court's error in allowing Godden to identify Rogers on the videotape was rendered harmless in light of the overwhelming evidence of his guilt.[13]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 22, 2008.

*Jason R. Hasty*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Blanchard & Johnston, Jeffrey E. Johnston*, for appellee.

---

[12] Compare *Grimes*, supra at 592 (2) (the basis of the defense "was misidentification: 'that [Grimes] was not the person who was depicted in the photographs' ").

[13] *Davis v. State*, 216 Ga. App. 580, 582 (3) (455 SE2d 115) (1995).