## A09A1377. ARTIS v. THE STATE.
(682 SE2d 375)

BLACKBURN, Presiding Judge.

Following a jury trial, Eric Artis was convicted on three counts of robbery by intimidation[1] and four counts of aggravated assault.[2] He appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in (i) admitting prejudicial evidence, (ii) expressing its opinion on the ultimate issue of guilt, (iii) refusing the jury's request for an explanation of legal terms con-

---

[7] See *McKenzie v. State*, 284 Ga. 342, 344 (1) (667 SE2d 43) (2008).
[1] OCGA § 16-8-40 (a) (2).
[2] OCGA § 16-5-21 (a) (2).

tained in a trial exhibit, (iv) failing to find that the jury rendered an inconsistent verdict, and (v) failing to find that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[3] the evidence shows that in the early morning hours of May 27, 2007, four men left a local nightclub and were walking along Buford Highway back to the apartment that they shared as roommates. As the four roommates passed by another apartment complex, Akeem Smith and Artis got out of a vehicle that had just pulled up and parked in the entrance driveway to that complex. Upon exiting the vehicle, Smith pointed a handgun at the four men, and both he and Artis demanded that the men give them their money. Smith and Artis then began searching the men's wallets and pockets, while Theron Poe, who was driving the vehicle, exited from the driver's seat and waited.

As the robbery was taking place, a police officer, who was driving by on his way to respond to a domestic disturbance call, noticed the four men, Smith, and Artis congregating in front of the driveway to the apartment complex and thought that the scene looked suspicious. Consequently, the officer stopped his vehicle and started backing up toward the apartment complex. As he did, the four men who were being robbed began frantically pointing at Smith and Artis. Upon seeing the officer, Smith began running toward some nearby houses. Artis and Poe tried to jump back into their vehicle, but the officer, who had now drawn his weapon, ordered them to stop. At the same time, the officer called for backup and reported that Smith had fled the scene. As a result, Smith was quickly caught and arrested. After securing Artis and Poe, the officer found two of the victims' wallets and a victim's cell phone at the scene. A search of the suspects' vehicle after it had been impounded uncovered a firearm that had been placed between the center console and the front passenger seat.

Artis was indicted on three counts of armed robbery, four counts of aggravated assault, and one count of possession of a firearm during the commission of a crime. Smith and Artis were tried together, but Poe pled guilty to three counts of robbery and one count of aggravated assault. At the trial's conclusion, the jury found Artis not guilty on the three counts of armed robbery but found him guilty on three counts of the lesser included offense of robbery by intimidation. In addition, the jury found Artis guilty on the four counts of aggravated assault but found him not guilty on the count of possession of a firearm during the commission of a crime. Subse-

---

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

quently, Artis obtained new counsel and filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Artis contends that the trial court erred in admitting into evidence the firearm that was found in the vehicle in which he was a passenger, arguing that this evidence was irrelevant and prejudicial. We disagree.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." *Allen v. State*.[4] In this matter, Artis filed a motion in limine to exclude the firearm found in the vehicle, which the trial court denied on the ground that the weapon was admissible as part of the res gestae of the crime. When the State introduced the firearm at trial, Artis re-asserted his objection to its admission, which objection was overruled.

Artis contends that the firearm was irrelevant and prejudicial to his defense because the victims testified that only Smith brandished a gun, which he had with him when he fled from the police officer, and thus the weapon found in the car was not used in the crime. However, "[i]t is well settled that surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact." (Punctuation omitted.) *Cartledge v. State*.[5] "This is true even if the defendant's character is incidentally placed in issue." (Punctuation omitted.) *Igidi v. State*.[6] "Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense and does not tend to establish the main offense." (Punctuation omitted.) *Cartledge*, supra, 285 Ga. App. at 148 (3).

Here, Artis was charged with armed robbery and possession of a firearm during the commission of a crime. The fact that a firearm was found in the vehicle, which vehicle he and his co-defendants used in the robbery, was arguably part of the res gestae despite the victims' testimony that they only saw Smith's weapon. See *Gober v. State*[7] (even lawful possession of weapon admissible as part of the res gestae despite its placing defendant's character at issue). Thus, the trial court did not abuse its discretion in allowing the firearm to be admitted into evidence.

2. Artis contends that the trial court committed reversible error

---

[4] *Allen v. State*, 292 Ga. App. 133, 134 (1) (663 SE2d 370) (2008).
[5] *Cartledge v. State*, 285 Ga. App. 145, 148 (3) (645 SE2d 633) (2007).
[6] *Igidi v. State*, 251 Ga. App. 581, 583 (1) (554 SE2d 773) (2001).
[7] *Gober v. State*, 249 Ga. App. 168, 173-174 (6) (547 SE2d 656) (2001).

by expressing an opinion on the ultimate issue of his guilt in violation of OCGA § 17-8-57. We disagree.

OCGA § 17-8-57 provides:

It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held . . . to be error and the decision in the case reversed, and a new trial granted in the court below. . . .

"To constitute an improper comment under OCGA § 17-8-57, the trial court's statement must express an opinion about whether the evidence has proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty." (Punctuation omitted.) *Keller v. State.*[8]

In this matter, during the direct examination of the officer who first arrived to the scene of the robbery, the prosecutor showed the officer one of the victim's wallets and asked him if he recognized it. When the officer responded that he did, the prosecutor asked him how he recognized it. The officer answered, "Because I had to pick up all the wallets that had been stolen from the Latino males that night." Artis's trial counsel immediately objected that the officer's response invaded the province of the jury. The trial court sustained the objection and stated, "He's objecting to wallets that were stolen from the Latino males." Although Artis's trial counsel lodged no further objection, Artis now argues that the trial court's comment, after sustaining the objection, constituted an opinion as to the ultimate issue of whether the wallets had been stolen and thus an opinion as to his guilt. This contention is without merit.

"A ruling by the court on a point of law is not an expression of opinion; neither are remarks by the court explaining the court's rulings." (Punctuation and footnote omitted.) *Rogers v. State.*[9] Quite simply, OCGA § 17-8-57 "is not violated by the remarks of the trial court when giving reasons for a ruling." (Punctuation omitted.) Id. See *Dixon v. State.*[10] Here, the trial court's comment after sustaining Artis's objection was merely an explanation of what was improper about the officer's testimony and thus why the court sustained the objection. Accordingly, the trial court's comment did not violate OCGA § 17-8-57.

[8] *Keller v. State*, 286 Ga. App. 292, 299 (6) (648 SE2d 714) (2007).
[9] *Rogers v. State*, 294 Ga. App. 195, 196 (1) (670 SE2d 106) (2008).
[10] *Dixon v. State*, 196 Ga. App. 15, 18 (7) (395 SE2d 577) (1990).

3. In addition to contending that the trial court committed reversible error by expressing an opinion on the ultimate issue of his guilt, Artis also contends that his trial counsel provided ineffective assistance by failing to object or move for a mistrial when the trial court expressed that opinion. We disagree.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[11] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

*Kurtz v. State*.[12] "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." Id.

As we held in Division 2, the trial court's comments after sustaining Artis's trial counsel's objection to the officer's testimony regarding the "stolen" wallets did not constitute an opinion regarding a material issue or Artis's guilt. Thus, any objection to that comment by Artis's trial counsel would have been without merit. "The failure to pursue a futile objection does not amount to ineffective assistance." *Ventura v. State*.[13] Accordingly, the trial court did not err in denying Artis's claim of ineffective assistance.

4. Artis contends that the trial court erred in refusing to explain to the jury some of the legal terms contained in a trial exhibit after the jury requested such an explanation during its deliberations. We disagree.

"The necessity, extent, and character of any supplemental instructions to the jury are matters within the discretion of the trial court and appellate review is limited to determining whether that discretion was abused." *Hood v. State*.[14] In this matter, the State introduced, without objection, Theron Poe's guilty plea[15] and sentence form as an exhibit after cross-examining Artis regarding whether he knew that Poe had pled guilty. During its deliberations, the jury sent the trial court a note that read: "We would like

---

[11] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[12] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

[13] *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008).

[14] *Hood v. State*, 292 Ga. App. 584, 587 (6) (666 SE2d 674) (2008).

[15] We note that under OCGA § 24-3-52, a nontestifying co-indictee's guilty plea is generally inadmissible. See *Barnes v. State*, 269 Ga. 345, 354 (15) (496 SE2d 674) (1998). However, Artis did not object to the admission of Poe's guilty plea, and thus he has waived appellate review of this issue. See *Bailey v. State*, 273 Ga. 303, 306-307 (4) (540 SE2d 202) (2001). Cf. *Johnson v. State*, 279 Ga. App. 182, 185 (3) (c) (630 SE2d 778) (2006).

clarification on the charges that Theron Poe pleaded. Is it armed robbery or robbery by intimidation. Please also clarify nolle-prosequi. The statement also indicates guilty on 1, 2, 3 and 4, we are unsure of the clarity of that statement." The trial court responded to the jury that "these questions regarding the sentencing of Mr. Poe are not relevant to your consideration of the guilt or innocence of defendants Smith and Artis."

Artis argues that the trial court's refusal to respond to the jury's request for clarification constituted a refusal to recharge and thus was error. "If a jury requests the trial court to recharge them on any point of law, it is the trial court's duty to do so." *Ross v. State*.[16] However, the jury's questions to the trial court regarding Poe's guilty plea were not requests for recharge on a point of law but rather were requests that the court explain evidence. Thus, the trial court did not abuse its discretion in refusing to provide such an explanation. See *Coker v. State*;[17] *Leverette v. State*.[18]

5. Artis contends that the jury rendered an unlawfully inconsistent verdict when it acquitted him of armed robbery but found him guilty of aggravated assault with a deadly weapon. He further argues that in light of this inconsistent verdict, the trial court should have directed a verdict of not guilty as to the aggravated assault counts. We disagree.

In *Milam v. State*,[19] the Supreme Court of Georgia, adopting the rationale set out by the United States Supreme Court in *United States v. Powell*,[20] abolished the rule that inconsistent verdicts in irreconcilable conflict in criminal cases warranted reversal. In *Powell*, the Court found that inconsistent verdicts could be the result of jury mistake, compromise, or lenity, but it is unknown whether the mistake, compromise, or lenity was exercised in favor of the defendant or the prosecution. Id. Similarly, the Supreme Court of Georgia has observed that

> appellate courts cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. Stated another way, it is imprudent and unworkable to allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the

---

[16] *Ross v. State*, 264 Ga. App. 830, 832 (3) (592 SE2d 479) (2003).
[17] *Coker v. State*, 207 Ga. App. 482, 484 (5) (428 SE2d 578) (1993).
[18] *Leverette v. State*, 104 Ga. App. 743, 743 (1) (122 SE2d 745) (1961).
[19] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).
[20] *United States v. Powell*, 469 U. S. 57, 64-65 (105 SC 471, 83 LE2d 461) (1984).

product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake.

(Punctuation omitted.) *Turner v. State*.[21] The Supreme Court of Georgia has recognized an exception to the abolition of the inconsistent verdict rule:

[W]hen instead of being left to speculate about the unknown motivations of the jury[,] the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges, there is no speculation, and the policy explained in *Powell* and adopted in *Milam* . . . does not apply.

(Punctuation omitted.) Id. at 20-21 (2). See *King v. Waters*.[22]

The jury's reasoning is not apparent here, and we will not speculate regarding it. Thus, Artis's contention that the jury's verdict in this matter was improper is unavailing. See *Bethune v. State*;[23] *Mosely v. State*;[24] *McCoy v. State*.[25] Furthermore, "[w]hile Georgia continues to recognize the rule against mutually exclusive verdicts, such rule applies to multiple guilty verdicts which cannot be logically reconciled; the rule is not implicated where, as here, verdicts of guilty and not guilty are returned." (Punctuation omitted.) *Bethune*, supra, 291 Ga. App. at 677 (4). Indeed, here, the evidence was sufficient to authorize a rational trier of fact to find Artis guilty beyond a reasonable doubt as a party to aggravated assault with a deadly weapon. See *Maddox v. State*;[26] *McLendon v. State*.[27] Accordingly, the trial court did not err in failing to direct a verdict of acquittal on the aggravated assault counts.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 21, 2009.

*David S. West*, for appellant.

---

[21] *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008).
[22] *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004).
[23] *Bethune v. State*, 291 Ga. App. 674, 677 (4) (662 SE2d 774) (2008).
[24] *Mosely v. State*, 267 Ga. App. 275, 276 (1) (599 SE2d 252) (2004).
[25] *McCoy v. State*, 190 Ga. App. 258, 260 (2) (378 SE2d 888) (1989).
[26] *Maddox v. State*, 278 Ga. 823, 824 (1) (607 SE2d 587) (2005).
[27] *McLendon v. State*, 287 Ga. App. 238, 240 (1) (651 SE2d 165) (2007).

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Deborah D. Wellborn, Assistant District Attorneys*, for appellee.