## A11A0443. REESE v. THE STATE.
(707 SE2d 913)

McFADDEN, Judge.

A jury found Kuwanza Reese not guilty of possessing cocaine with intent to distribute, but guilty of possessing cocaine with intent to distribute near a public housing project. Reese filed a motion in arrest of judgment, arguing that the inconsistent verdicts are repugnant and require an acquittal on all charges. The trial court denied the motion, and Reese appeals. Because Georgia law does not prohibit inconsistent criminal verdicts, we affirm.

According to Reese, the "not guilty" verdict on the cocaine possession charge precluded a guilty verdict as to possession of cocaine near a public housing project. He thus argues that the guilty verdict cannot stand. But our Supreme Court has abolished the inconsistent verdict rule in criminal cases. *Milam v. State*, 255 Ga.

---

560, 562 (2) (341 SE2d 216) (1986). As a result, a defendant "cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count." *Coleman v. State*, 286 Ga. 291, 296 (4) (687 SE2d 427) (2009).

The basis for this rule is simple. A court "cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense." *Artis v. State*, 299 Ga. App. 287, 292 (5) (682 SE2d 375) (2009). The verdict could be the result of mistake, compromise, or lenity exercised in favor of the defendant. See id. We simply do not know. Accordingly, it is

> imprudent and unworkable to allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake.

Id. at 292-293. See also *English v. State*, 304 Ga. App. 285, 288 (2) (696 SE2d 106) (2010).

Reese's "inconsistent verdict" challenge is contrary to Georgia law. The trial court, therefore, properly upheld the guilty verdict and denied his motion in arrest of judgment.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 17, 2011.

*Leonard Farkas*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.