**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 17, 2015**

# In the Court of Appeals of Georgia

A14A1741. CARTER v. THE STATE.

BARNES, Presiding Judge.

In November 2003, a Fulton County jury convicted Chenard Carter of possession of a firearm during the commission of a crime and multiple counts of voluntary manslaughter and aggravated assault. The trial court sentenced him to serve a total of 25 years. After a lengthy delay, this appeal followed, in which Carter argues that the trial court erred in sentencing him for voluntary manslaughter on a repugnant verdict because the jury returned both not guilty and guilty verdicts on voluntary manslaughter. He also contends that his trial counsel was ineffective for failing to object to the repugnant verdict and improper sentence. Because the verdict is not legally repugnant and Carter's trial counsel was not ineffective, we affirm the judgment of conviction and sentence.

1. After the jury rendered its verdict in November 2003, newly-appointed counsel filed a timely motion for new trial. He amended it in October 2004, and the

trial court denied the motion in December 2004. In September 2007, the State moved the trial court to appoint an appellate attorney for Carter, which the court did in February 2011. After the trial court granted Carter's motion for an out-of-time appeal in October 2013, Carter filed another amended motion for new trial, which the court denied in February 2014, and he subsequently filed this appeal.

> The delay of more than 11 years between the verdict and this court's review put[s] at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. We therefore reiterate that it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay.

*Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012). The failure to discharge that duty in this case does not affect the outcome of this appeal, however, because Carter has enumerated no error associated with this delay. *Morgan v. State*, 290 Ga. 788, 789, n. 2 (725 SE2d 255) (2012).[1]

---

[1]Carter's co-defendant Nesmith pled guilty to voluntary manslaughter in January 2004. Carter was convicted of voluntary manslaughter and a firearms offense in May 2004, and we affirmed those convictions almost eight years ago. *Smith v. State*, 284 Ga. App. 845 (644 SE2d 913) (2007).

2. Viewed in the light most favorable to the verdict, *Francis v. State*, 296 Ga. 190, 191 (766 SE2d 52) (2014), the evidence at trial revealed that the victim was lying down in her bedroom when a bullet from a "very high velocity military[-]type weapon, [an] assault rifle" such as an AK47, pierced the outer wall of her apartment, continued through her bedroom wall, and penetrated her abdomen. She died 30 days later as a result of the gunshot wound. In a complicated 14-count indictment, the State charged Carter and two other men with malice murder, felony murder, aggravated assault, and f6irearms offenses, contending that the men were shooting at each other outside of the victim's apartment when a bullet from one of their weapons struck the victim and caused her death.

Carter was charged with one count of malice murder for shooting the victim and three counts of felony murder for causing the death of the victim while committing the underlying felony of aggravated assault on the victim, aggravated assault on his co-defendant Smith, and aggravated assault on his co-defendant Nesmith. He was similarly charged with three counts of aggravated assault against the victim, against Smith, and against Nesmith, and with possession of a firearm during the commission of a crime.

After both parties rested, the trial court and the parties held an unreported charge conference. The record contains a copy of Carter's requests to charge, which includes charges on voluntary manslaughter and provocation. During their closing arguments, neither Carter nor the State discussed the issue of voluntary manslaughter as a lesser included offense of either malice or felony murder, although the State separately addressed each of the murder counts. After closing arguments, the trial court asked the parties outside of the jury's presence if they had any objection to a charge on voluntary manslaughter, because the court thought it could be a lesser included offense of any of the murder counts. The State responded that it thought the court should instruct the jury that if it convicted Carter of voluntary manslaughter as a lesser included offense of malice murder, then it should not continue with its deliberations as to the felony murder counts, alluding to *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992).[2]

_____

[2] In *Edge*, our Supreme Court found error in a charge instructing the jury to consider voluntary manslaughter *only* if it found the defendant not guilty of either malice murder and felony murder, because if the jury found the defendant guilty of felony murder, "it would not then go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter." Id. at 867. "[T]he intent of *Edge* was to preclude a sequential charge which could allow juries to find defendants guilty of felony murder without consideration of evidence of provocation or passion which might authorize a verdict of voluntary manslaughter." (Citation omitted.) *Miner v. State*, 268 Ga. 67, 68 (4) (485 SE2d 456) (1997).

4

After further colloquy, the court decided to charge the jury that before it was authorized to return a verdict of guilty to malice murder or felony murder, it must first determine if mitigating evidence would cause either offense to be reduced to voluntary manslaughter. After charging the jury on the elements of malice murder, the court gave the following charge on voluntary manslaughter:

> Ladies and gentlemen, a lesser offense of murder is voluntary manslaughter. And you would be authorized to consider this count along with the other counts in the indictment. Voluntary manslaughter reads as follows: after consideration of all of the evidence[,] before you would be authorized to return a verdict of guilty of malice or felony murder, you must first determine whether mitigating evidence, if any, would cause the offense to be reduced to voluntary manslaughter.

> A person commits voluntary manslaughter when that person causes the death of another human being under circumstances which would otherwise be murder if that person acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. And in that connection I charge you the burden of proof is upon the State to prove beyond a reasonable doubt that the offense is not so mitigated.

> Provocation by words alone will in no case justify such excitement of passion sufficient to free the accused from the crime of murder or to reduce the offense to manslaughter when the killing is done solely in

5

resentment of such provoking words. Words accompanied by menaces, though the menaces do not amount to an actual assault, may in some instances be sufficient provocation to excite a sudden, violent, and irresistible passion in a reasonable person. And if a person acts from such passion and not from malice or any spirit of revenge, then such would constitute voluntary manslaughter. In all cases the motive is for determination by the jury.

The court did not repeat the voluntary manslaughter charge after it charged the jury on the elements of felony murder, but when explaining how to complete the verdict form after the jury had considered the evidence and the law, the court said,

The verdict form as to Count One is ["]We, the jury, find the defendant [']blank['] of murder.["] And in that spot you would be authorized to return a verdict of guilty or not guilty based upon your determination. If you find that he is not guilty of murder, you would concurrently be able to and authorized based upon the evidence coupled with the law to find the defendant guilty or not guilty of voluntary manslaughter. And the same holds true for the felony murder counts. And each one has an additional option as to the voluntary manslaughter.

Carter reserved his objections to the charge, which was permissible in 2003 when this case was tried. See. OCGA § 17-8-58 (b) (failure to object to charge in trials after July 1, 2007, precludes appellate review other than for plain error).

6

After deliberating for a time, the jury returned with several questions, and after further deliberation, the foreperson announced that the jury was deadlocked on the malice and felony murder charges. The trial court gave an *Allen* charge, and the jury returned 50 minutes later with the following verdict:

Count 1, malice murder, not guilty; *voluntary manslaughter, not guilty.*
Count 2, felony murder, not guilty; *voluntary manslaughter, guilty.*
Count 3, felony murder, not guilty; *voluntary manslaughter, guilty.*
Count 5, felony murder, not guilty; *voluntary manslaughter, guilty.*
Counts 6, 7, and 8, aggravated assault, guilty
Count 14, possession of a firearm during the commission of a crime, guilty.

The trial court merged the three voluntary manslaughter convictions and the conviction for aggravated assault of the victim and sentenced Carter to serve a total of 25 years.

Although Carter specifically does not challenge the sufficiency of the evidence, we find that the evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that he was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

3. Carter argues on appeal that the verdict is repugnant and mutually exclusive, because the jury found him both not guilty and guilty of the same offense, voluntary manslaughter, thus raising Double Jeopardy concerns. He concedes that Georgia abolished the "inconsistent verdict" rule in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), in which our Supreme Court affirmed a verdict of guilty but mentally ill of the malice murder of one victim but not guilty by reason of insanity of the malice murder of a second victim that occurred very shortly after the first. In reaching this conclusion, the court in *Milam* simply said that it adopted the reasoning set forth in *United States v. Powell*, 469 U.S. 57 (105 SCt 471, 83 LE2d 461) (1984).

In *Powell*, a jury acquitted the defendant of both conspiring to possess cocaine with the intent to distribute it and of possessing cocaine with the intent to distribute it, but convicted her of three counts of using the telephone to commit and facilitate conspiracy to possess cocaine with the intent to distribute and of using the telephone to commit and facilitate the possession of cocaine with intent to distribute. 469 U.S. at 60. Powell argued that the verdict was inconsistent because the jury had acquitted her of the predicate felonies that formed the basis of her conspiracy conviction, and the Ninth Circuit agreed, reversing the conspiracy convictions. Id. The Supreme Court reversed the Ninth Circuit and reinstated Powell's convictions, first citing

*Dunn v. United States*, 284 U.S. 390 (52 SCt 189, 76 LE 356) (1932), in which Justice Holmes stated, "Consistency in the verdict is not necessary. . . . We interpret the acquittal as no more than [the jury's] assumption of a power which they had no right to exercise, but to which they were disposed through lenity." (Citations and punctuation omitted.) Id. at 393. See *Powell*, 469 U.S. at 61.

The *Powell* Court found no reason to vacate that defendant's convictions merely because the verdict could not be rationally reconciled, because in addition to the jury's possible exercise of lenity, the government is unable to invoke review in such situations and the courts are generally reluctant to inquire into the jury's workings. *Powell*, 469 U.S. at 68-69. The Court noted, however, that it was not addressing a situation where the defendant is convicted of two crimes and a guilty verdict on one count logically excludes a finding of guilt on the other. Id. at 69, n. 8.

Carter argues that in this case, the verdict is not merely inconsistent but "repugnant," and cannot be affirmed because the jury both convicted and acquitted him of the same crime. While *Milam* abolished the "inconsistent verdict" rule, our appellate courts have continued to recognize that a "repugnant" or "mutually exclusive verdict" cannot stand. A repugnant or mutually exclusive verdict is one in which "the jury, in order to find the defendant guilty on both counts, necessarily

9

reached two positive findings of fact that cannot logically mutually exist." (Citation and punctuation omitted.) *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). For example, under the facts in *Jackson*, to find the defendant guilty of both felony murder predicated on aggravated assault with a deadly weapon and involuntary manslaughter, the jury would have had to find that the defendant acted both with the intent to commit aggravated assault with a deadly weapon, which cannot be committed by criminal negligence, and with reckless conduct, which requires proof of criminal negligence. Id. at 411-412 (2). Such mutually exclusive verdicts are void, and if the evidence is otherwise sufficient, the case must be remanded for a new trial. *Flores v. State*, 277 Ga. 780, 783-785 (596 SE2d 114) (2004); see also *Allaben v. State*, 294 Ga. 315, 320 (2) (a) (5) (751 SE2d 802) (2013); *Walker v. State*, 293 Ga. 709, 716 (2) (e) (749 SE2d 663) (2013); *Turner v. State*, 283 Ga. 17, 21 (655 SE2d 589) (2008).[3]

---

[3]On December 12, 2014, the Georgia Supreme Court granted a writ of certiorari in *Springer v. State*, 328 Ga. App. 654 (762 SE2d 433) (2014), to consider whether, "[w]ith respect to their application of the mutually exclusive verdicts rule to crimes involving different states of mind, whether *Jackson v. State*, 276 Ga. 408 . . . and its progeny ought to be overruled. See *Allaben*[, 294 Ga. at 322-325]. (Nahmias, J., concurring)."

As the State points out, the situation in this case is unlike those considered in *Jackson*, *Flores*, *Allaben*, *Walker*, and *Turner*, in which multiple guilty verdicts were held to be mutually exclusive and not just inconsistent. The State further argues that the mutually exclusive verdict rule "is not implicated where, as here, verdicts of guilty and not guilty are returned," citing *Shepherd v. State*, 280 Ga. 245, 248 (1) (626 SE2d 96) (2006). In *Shepherd*, the defendant was found not guilty by reason of insanity of malice murder and guilty but mentally ill of two counts of felony murder, aggravated assault, and firearms charges, and the court held that this was an inconsistent verdict, not a mutually exclusive one. Id. at 246, 248-250 (1). The Court noted that the abolition of the inconsistent verdict rule was "in accordance with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts." (Citation and punctuation omitted.) Id. at 249 (1). See also *Reese v. State*, 308 Ga. App. 528, 528-529 (707 SE2d 913) (2011) (verdict of not guilty of possessing cocaine with intent to distribute but guilty of possessing cocaine with intent to distribute near a housing project was not repugnant); *Artis v. State*, 299 Ga. App. 287, 292-293 (5) (682 SE2d 375) (2009)

11

(verdict of not guilty of armed robbery but guilty of aggravated assault with a deadly weapon was not repugnant).

We agree that this case is unlike those cases in which verdicts of guilty for multiple offenses cannot be reconciled. But it is also unlike those cases in which verdicts of guilty and not guilty were held to be merely inconsistent rather than repugnant. None of the cases cited by the State involved a verdict like this one, in which a jury found a defendant both not guilty and guilty of the same crime — voluntary manslaughter. Nonetheless, we disagree with Carter that the crime of voluntary manslaughter is identical whether it is a lesser included offense of malice murder or a lesser included offense of felony murder.

"[A]ny type of 'murder,' not just malice murder, may be mitigated by evidence that would cause the offense to be reduced to voluntary manslaughter." *Wallace v. State*, 294 Ga. 257, 260 (754 SE2d 5) (2013) (Melton, J., concurring.). The "malice" required to establish the crime of malice murder "comprises two elements: intent to kill and the absence of provocation or justification." *Williams v. Kemp*, 255 Ga. 380, 386 (338 SE2d 669) (1986); OCGA § 16-5-1 (b). Malice murder is reduced to voluntary manslaughter if the killer intends to kill and acts upon "a sudden, violent,

12

and irresistible passion" due to provocation sufficient to excite such passion in a reasonable person. OCGA §§ 16-5-1 (b), 16-5-2 (a).

On the other hand, "[t]he presence or absence of malice is irrelevant to commission of felony murder" and the "intent to kill, like malice, is not an element of [that] offense." (Citation and punctuation omitted.) *Brockman v. State*, 292 Ga. 707, 730 (16) (739 SE2d 332) (2013). The State need only prove that the defendant caused the death of another "in the commission of a felony." OCGA § 16-5-1 (c).

Finally, "[i]f a person shoots at another under circumstances that if death had ensued the offense would be reduced from murder to voluntary manslaughter, and by accident the shot hits and kills another person standing by, for whom the shot was not intended, the offense would be voluntary manslaughter." *McLendon v. State*, 172 Ga. 267 (4) (157 SE 475) (1931); accord *Coker v. State*, 209 Ga. App. 142, 143 (433 SE2d 637) (1993). While the Supreme Court has questioned the proposition that the provocation necessary for a voluntary manslaughter conviction may come from someone other than the homicide victim, it has so far questioned it only in dicta. See *Foster v. State*, 288 Ga. 98, 105-106 (4) (701 SE2d 189) (2010); *Foster v. State*, 264 Ga. 369 (1), n. 2 (444 SE2d 296) (1994).

It follows that the jury did not have to make two irreconcilable factual determinations about Carter's intent to reach the verdict it did, and that the crimes of voluntary manslaughter under malice murder or felony murder are not the same. The jury could have determined that Carter fired at the co-defendants solely as the result of a sudden, violent, and irresistible passion resulting from the co-defendants' provocative act of shooting at him, thus mitigating his offense and rendering him guilty of voluntary manslaughter as a lesser included offense of felony murder. Along those lines, the jury could also have logically found that Carter was not guilty of malice murder because he did not intend to kill the victim, and was not guilty of voluntary manslaughter as a lesser included offense of malice murder because the victim did not provoke him to act.

Accordingly, we conclude that the verdict was not legally repugnant and that Carter's acquittal for voluntary manslaughter as a lesser included offense of malice murder does not bar his conviction for voluntary manslaughter as a lesser included offense of felony murder. It follows that the trial court did not err in sentencing Carter for voluntary manslaughter.

4. Carter also contends his trial counsel was ineffective for failing to object to the verdict and sentence. We held in Division 1, however, that the verdict was not

repugnant, and therefore any objection would have been futile. "The failure to pursue a futile objection does not amount to ineffective assistance." *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008). Accordingly, the trial court did not err in denying Carter's claim of ineffective assistance.

*Judgment affirmed. Boggs and Branch, JJ., concur.*