A05A0618. BARBER v. THE STATE.
(614 SE2d 105)

ELLINGTON, Judge.

A Carroll County jury convicted Travis Barber of aggravated assault, OCGA § 16-5-21 (a) (2), and possession of a gun during the commission of a crime, OCGA § 16-11-106 (b) (1).[1] He appeals from the denial of his motion for new trial. For the following reasons, we affirm.

1. Barber contends the evidence was insufficient to support his conviction for aggravated assault. "It is well established that on appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997). It is the job of the factfinder to resolve conflicts in the evidence. Id.

So viewed, the evidence showed that at approximately 12:30 a.m. on August 2, 2002, at least 50 people were at a Krystal restaurant when a fight broke out in the parking lot. Barber arrived with several friends during the melee. Barber's co-defendant, Roderick Lanier Springer, was not with the group of friends. Shortly after he arrived, Barber climbed on top of a car, pulled a .50 caliber gun out of his pants, waved it around, and started shooting. Eyewitnesses testified that, after Barber shot once in the air, he pointed his gun at a group of people who were fighting near some cars. He then became involved in a gun battle with someone in the crowd and he shot at least five times toward the crowd. Other witnesses testified that Barber ran through the crowd and was "firing back" at someone. There was also evidence that Springer was in the crowd and was shooting a gun. Barber was shot twice and left the area before officers arrived.

According to an officer responding to a "fight with shots fired" emergency call, the Krystal parking lot was "chaotic" when he arrived, with hundreds of people "running everywhere." Police officers found a man lying between two cars in the parking lot. The victim, who was an innocent bystander, had been shot in the back and died

---

[1] The jury acquitted Barber of murder, OCGA § 16-5-1.

before an ambulance arrived. The officers did not find a weapon on or near the victim. While investigating the crime scene, officers found five shell casings from a .50 caliber gun scattered throughout the parking lot, as well as seven casings from a .380 revolver in the parking lot. They also found a stain that was later determined to be Barber's blood.

The evidence also showed that Barber's friends drove him to an Atlanta-area hospital about an hour away instead of taking Barber to a local hospital, even though Barber was severely bleeding from two gunshot wounds. Barber told hospital personnel that he had been wounded in a drive-by shooting on the side of a road while he was changing a tire. He admitted at trial that the drive-by story was a lie. Barber also testified that he shot "all of the bullets out" of his gun at the Krystal restaurant, but claimed he only fired into the air.

In arguing that the evidence was insufficient to support the jury's verdict, Barber contends there was no evidence that he intended to injure the victim or that he, in fact, shot the victim. When viewed in favor of the verdict, however, the evidence showed that Barber willingly participated in a gunfight in a crowded parking lot and that an innocent bystander was fatally wounded during the exchange of gunfire. This evidence was sufficient to sustain Barber's conviction for aggravated assault. *Wyman v. State*, 278 Ga. 339, 339-340 (1) (602 SE2d 619) (2004) (finding that evidence of defendant's participation in a gunfight which resulted in the shooting of a bystander was sufficient to support his conviction for aggravated assault); *Smith v. State*, 267 Ga. 372, 373 (1), 375 (5) (477 SE2d 827) (1996).

2. Barber claims that his conviction for aggravated assault cannot stand because his co-defendant, Springer, was convicted of involuntary manslaughter based upon the underlying crime of reckless conduct.[2] He argues that an aggravated assault conviction is mutually exclusive of a finding of reckless conduct as a matter of law. See *Jackson v. State*, 276 Ga. 408, 409-413 (2) (577 SE2d 570) (2003) (finding a conviction for felony murder predicated upon aggravated assault, which is an intentional crime, is mutually exclusive of a conviction for involuntary manslaughter predicated upon reckless conduct, which is based in negligence, when the convictions were based upon the same act by the same defendant against the same victim). The convictions in *Jackson* are distinguishable from those in this case, however, because these convictions are based upon different acts committed by different defendants. Under these circumstances, the fact that the jury convicted Springer of involuntary

---

[2] Springer was also convicted of aggravated assault.

manslaughter provides no basis for Barber to challenge his aggravated assault conviction. *Larry v. State*, 266 Ga. 284, 285 (1) (466 SE2d 850) (1996); *Lucas v. State*, 264 Ga. 840 (2) (452 SE2d 110) (1995).

3. Barber claims the trial court erred when it failed to charge the jury on reckless conduct as a lesser included offense to aggravated assault. The record shows, however, that Barber failed to make a written request for such charge. "[T]he failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request." (Citations and punctuation omitted.) *Henry v. State*, 265 Ga. 732, 738 (6) (462 SE2d 737) (1995). Accordingly, Barber's claim fails.

4. Barber contends his counsel provided ineffective assistance for failing to file a demurrer challenging Count 2 of the indictment on the basis that it was insufficient to charge him with aggravated assault. Count 2 alleged that Barber assaulted the victim with a handgun, a deadly weapon, by engaging in an exchange of gunfire with Springer which resulted in the victim being shot. This language is sufficient to charge the elements of aggravated assault under OCGA § 16-5-21 (a) (2). *Sallie v. State*, 276 Ga. 506, 515 (17) (578 SE2d 444) (2003); *Bishop v. State*, 266 Ga. App. 129, 131-132 (2) (596 SE2d 674) (2004). Thus, there is no merit to the assertion that counsel was deficient for failing to challenge Count 2 of the indictment. *Silvers v. State*, 278 Ga. 45, 46 (2) (a) (597 SE2d 373) (2004).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2005 —
RECONSIDERATION DENIED APRIL 29, 2005 —

*Head, Thomas, Webb & Willis, Shawna M. Woods*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.