## S13A0949. ALLABEN v. THE STATE.
(751 SE2d 802)

HUNSTEIN, Justice.

Appellant Dennis Allaben was found guilty of malice murder, felony murder, aggravated assault with intent to murder, battery, simple battery, and reckless conduct in connection with the strangulation death of his wife, Maureen Allaben.[1] The felony murder verdict was vacated by operation of law, and the trial court entered a judgment of conviction only for malice murder, merging the remaining verdicts into that conviction. On appeal, Allaben contends, among other things, that the jury returned mutually exclusive verdicts. Because we conclude that the guilty verdict on reckless conduct was mutually exclusive of the remaining verdicts, we reverse Allaben's conviction for malice murder, set aside all the guilty verdicts, and remand the case for further proceedings.

1. Viewed in the light most favorable to the verdicts, the evidence shows that on January 3, 2010, Allaben strangled the victim to death. He rolled her body up in blankets that he secured with duct tape and placed her in the back of his pickup truck. He drove his two children, who were seven and eight years old, to his brother's house in Virginia, telling them on the way that he had killed their mother. In Virginia, he also told his sister-in-law that he had killed his wife. He said that she was engaging in some unusual practices, including the poisoning of his food, and that he took a cloth soaked with ether and held it to her face so that she would go to sleep. He then planned to tie her up, so that he could talk to her about what she was doing. However, he told his sister-in-law that the cloth went too far down the victim's throat, and she choked to death.

Leaving the children at their relatives' house in Virginia, Allaben returned with his wife's body to Atlanta and drove to a friend's house. He told the friend that his wife was in his truck, that she was dead, and that he needed an attorney. Allaben also told the friend the

---

[1] The crimes occurred on January 3, 2010, and Allaben was indicted in DeKalb County on March 31, 2010, for malice murder, felony murder based on aggravated assault, and aggravated assault with intent to murder, all based on Allaben strangling the victim. In addition to these charges, the trial court charged the jury on involuntary manslaughter as a lesser included offense on the malice murder and felony murder counts. It also charged the jury on battery, simple battery, and reckless conduct as lesser included offenses on the aggravated assault count. On August 11, 2011, the jury found Allaben not guilty of involuntary manslaughter but guilty of the remaining offenses. That same day, the trial court sentenced him to life imprisonment on the malice murder count, and the remaining verdicts were merged or vacated by operation of law. Allaben filed a motion for new trial on September 12, 2011, and an amended motion for new trial on November 2, 2012, which was denied on December 17, 2012. Allaben filed a notice of appeal on January 15, 2013. The case was docketed in this Court for the April 2013 term and orally argued on June 4, 2013.

same story he told his sister-in-law about the victim's allegedly unusual behavior, and he said, "I didn't mean for this to happen. I love her so much. This isn't what I wanted." The friend subsequently called a police officer that he knew, and Allaben surrendered to the officer.

The medical examiner testified that the victim was placed in a police choke hold and strangled to death and that there was no evidence of a rag on or in her body. According to the medical examiner, someone placed in a police choke hold would probably lose consciousness in one to two minutes and would suffer irreversible brain damage and die after four to six minutes. Finally, he testified that the victim's death was a homicide, "[t]he intentional taking of a life by another person."

This evidence was sufficient to authorize a rational jury to find beyond a reasonable doubt that Allaben was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Allaben contends that the verdicts on malice murder, felony murder, aggravated assault, battery, and simple battery were mutually exclusive of the verdict on reckless conduct, because the former required the jury to find criminal intent and the latter required only a finding of criminal negligence. We agree.

"Verdicts are mutually exclusive 'where a guilty verdict on one count logically excludes a finding of guilt on the other.'" *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003) (citation omitted). We have held that verdicts are mutually exclusive where a jury returns "'verdicts of guilt as to both (criminal intent and criminal negligence) offenses in those factual situations involving the same act by the accused as to the same victim at the same instance of time.'" *Walker v. State*, 293 Ga. 709, 712 (2) (a) (749 SE2d 663) (2013) (citation omitted). "[S]uch verdicts reflect[ ] an illogical finding by the jury" that the defendant "acted with both criminal intent and criminal negligence" toward the victim. Id. (citation and punctuation omitted). And, if a jury returns a guilty verdict on a crime that can be committed in two ways, one of which is, and one of which is not, mutually exclusive of a guilty verdict for a second crime, the guilty verdicts are considered mutually exclusive unless we can "'conclusively state that the verdict [on the first crime] rested exclusively on the [non-mutually exclusive] ground so as to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict.'" Id. at 713 (2) (b) (citation omitted).

Here, all the verdicts involve the "'same act by the accused as to the same victim at the same instance of time.'" *Walker*, 293 Ga. at 712

(2) (a). And the jury found that Allaben acted with criminal negligence in strangling the victim when it returned its guilty verdict on reckless conduct. See *Jackson*, 276 Ga. at 411-412; OCGA § 16-5-60 (b). That verdict thus would be mutually exclusive of the verdicts for malice murder, felony murder based on aggravated assault, aggravated assault with intent to murder, battery, and simple battery if the jury had to find that Allaben acted with criminal intent to return guilty verdicts on those offenses.[2] Because a judgment of conviction was not entered on the guilty verdicts for felony murder, aggravated assault, battery, and simple battery, we first examine whether the verdicts for malice murder and reckless conduct were mutually exclusive.

(a) Malice murder requires a jury to find that the defendant acted with criminal intent. See *Walker*, 293 Ga. at 712 (2) (a); *Ledford v. State*, 289 Ga. 70 (1) (709 SE2d 239) (2011); OCGA § 16-5-1 (a), (b). In *Dumas v. State*, 266 Ga. 797 (471 SE2d 508) (1996), we held that a guilty verdict of malice murder was mutually exclusive of a verdict for vehicular homicide, because the malice murder verdict required a finding that the defendant acted with an intent to kill and the vehicular homicide verdict required a finding that he acted without an intent to kill. See id. at 800. In *Jackson*, we also said that a guilty verdict for involuntary manslaughter based on reckless conduct required a finding that the defendant acted "with criminal negligence, that is, . . . without any intention to do so," and was thus inconsistent with the guilty verdict on felony murder based on aggravated assault, which required a finding that the defendant acted with criminal intent. 276 Ga. at 412. Thus, under our established precedent, it appears that verdicts finding Allaben guilty of malice murder and reckless conduct are mutually exclusive. The State, however, advances several arguments as to why that is not so under the circumstances of this case. These arguments have no merit.

(1) Relying on *Parker v. State*, 270 Ga. 256 (507 SE2d 744) (1998), overruled on other grounds by *Linson v. State*, 287 Ga. 881, 886 (700

---

[2] We acknowledge that it is possible that someone might begin to strangle another person with only criminal negligence and then continue to strangle her to death with criminal intent. However, the State did not pursue that theory at trial. In fact, the prosecutor argued in closing that Allaben was acting with the intent to kill at the time he began strangling the victim and that the case involved an "[i]ntentional killing. . . . Not reckless conduct." Moreover, based on the indictment, the evidence, the verdict form, and the jury instructions, we cannot know if the jury relied on such an "evolving intent" in rendering its verdicts. Thus, "we cannot conclusively state" that the jury relied on that theory "so as to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict by finding [Allaben] acted with both criminal intent and criminal negligence at the same time as to the same victim." *Walker*, 293 Ga. at 713 (2) (b) (citation and punctuation omitted).

SE2d 394) (2010), the State contends that the verdict for reckless conduct does not logically exclude a finding of guilt for malice murder. In *Parker*, this court explained the concept of implied malice.[3] We said that it is a concept that " 'has been defined to mean conduct exhibiting a "reckless disregard for human life," ' " id. at 260 (citation omitted), which is consistent with the

> general rule that extremely negligent conduct, which creates what a reasonable man would realize to be not only an unjustifiable but also a very high degree of risk of death or serious bodily injury to another or to others — though unaccompanied by any intent to kill or do serious bodily injury — and which actually causes the death of another, may constitute murder. If a reckless disregard for human life constitutes implied malice and implied malice is, in turn, the equivalent of a specific intent to kill, then it necessarily follows that reckless disregard for human life may be the equivalent of a specific intent to kill. Evidence that the defendant acted in reckless disregard for human life is, for purposes of demonstrating his guilt of the crime of malice murder, as equally probative as evidence that he acted with a specific intent to kill.

Id. (citations and punctuation omitted). The State contends that, because reckless disregard for life is the equivalent of a specific intent to kill, the malice murder verdict is not logically excluded by the reckless conduct verdict, a crime which is committed when

> [a] person . . . causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . .

OCGA § 16-5-60 (b).

---

[3] In defining malice murder, OCGA § 16-5-1 (a), (b) says:

(a) A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being.

(b) Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart.

. . .

Even assuming that a finding of implied malice to support a malice murder verdict and a finding of recklessness to support a reckless conduct verdict are not mutually exclusive, when instructing the jury on the malice murder count, the trial court did not charge that a reckless disregard for human life is the equivalent of an intent to kill. It simply told the jury that malice may be implied when no considerable provocation appears and "when all of the circumstances of the killing show an abandoned and malignant heart." It then instructed the jurors that "to constitute murder, the homicide must have been committed with malice. . . . [L]egal malice is the unlawful intention to kill without justification, without excuse, without mitigation." Thus, the record shows that there is no basis for the State's assertion that the jury may have based its malice murder verdict on a finding that Allaben acted with reckless disregard for human life, without any intent to kill.

Moreover, even if the trial court had charged the jury that a reckless disregard for human life may be the equivalent of a specific intent to kill, the State's argument would still be unavailing. The jury was charged that it could base a malice murder verdict on express malice, which requires a specific intent to kill, or implied malice, and the verdict form did not offer the jury an opportunity to specify whether the malice murder verdict was based on express or implied malice. Thus, even if the trial court had charged on reckless disregard for human life, we could not "conclusively state" that the malice murder verdict "rested exclusively" on that ground "so as to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict by finding [that Allaben] acted with both criminal intent and criminal negligence at the same time as to the same victim." *Jackson*, 276 Ga. at 412-413, n. 5.

(2) The State argues that, because the aggravated assault verdict merged into the malice murder conviction and the reckless conduct offense was charged as a lesser included offense to aggravated assault, any error regarding the reckless conduct verdict is moot. See *Roberts v. State*, 282 Ga. 548, 550, n. 2 (651 SE2d 689) (2007) (holding that an argument regarding a guilty verdict on aggravated assault was moot because that verdict was merged into the conviction for felony murder). We disagree. In cases where mutually exclusive verdicts have been returned, the error is not just in the verdicts themselves: A judgment of conviction entered on such verdicts is deemed void. See *Walker*, 293 Ga. at 716 (2) (e), n. 3; *Jackson*, 276 Ga. at 410, n. 2. Thus, Allaben's attack on the judgment and conviction for malice murder is proper. See *Walker*, 293 Ga. at 716 (2) (e) (holding

that a guilty verdict for felony murder was mutually exclusive of a guilty verdict that was vacated by operation of law); *Jackson*, 276 Ga. at 409, 412 (same).

(3) The State argues that the jury's verdict of not guilty on the lesser included crime of involuntary manslaughter on the malice murder count shows that the jury found that Allaben did not act with recklessness when he killed the victim, as the trial court charged the jury that it could find Allaben guilty of involuntary manslaughter if it found that he caused the victim's death "without any intention to do so by the commission of the offense of simple battery or battery or reckless conduct." However, the State's reliance on the not guilty verdict for involuntary manslaughter is misplaced, as "this Court will not 'speculate why a jury acquitted on . . . (one) offense and convicted on . . . (another) offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity.' " *Dryden v. State*, 285 Ga. 281, 284, n. 3 (676 SE2d 175) (2009) (citation omitted).

(4) The State also contends that, because reckless conduct was charged as an included offense only on the aggravated assault count of the indictment, a verdict on reckless conduct should only affect that count and not the malice murder count. This Court, however, has never held that a verdict on an offense included in one count may only be considered mutually exclusive to another offense charged as part of that count. Rather, verdicts are mutually exclusive where a guilty verdict is entered on one offense, no matter in which count, that logically excludes a verdict of guilt on another offense, such as where, as in this case, a jury returns " 'verdicts of guilt as to both (criminal intent and criminal negligence) offenses in those factual situations involving the same act by the accused as to the same victim at the same instance of time.' " *Walker*, 293 Ga. at 712 (2) (a) (citation omitted).

(5) For these reasons, there is at least a reasonable probability that the jury returned mutually exclusive verdicts for malice murder and reckless conduct. Accordingly, we must reverse Allaben's malice murder conviction, set aside the guilty verdict for that offense and reckless conduct, and remand for a new trial on those counts. See *Walker*, 293 Ga. at 716 (2) (e); *Jackson*, 276 Ga. at 413.

(b) As mentioned previously, Allaben also contends that the guilty verdicts for felony murder, aggravated assault, battery, and simple battery were mutually exclusive of the guilty verdict for reckless conduct. Although the guilty verdict for felony murder was vacated by operation of law because he was convicted of malice murder for killing the victim, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), our reversal of Allaben's malice murder

conviction means that his felony murder conviction "no longer stands vacated as a matter of law," and on remand, the State could elect not to retry Allaben for malice murder and instead elect to have a conviction and sentence imposed on the felony murder verdict. See *Walker*, 293 Ga. at 717 (3). Similarly, the guilty verdicts for aggravated assault, battery, and simple battery, which were merged into the malice murder conviction, are now "unmerged" based on our reversal of the latter conviction, and a conviction and sentence could be entered on those verdicts on remand. See id. at 719 (3) (b); *Harris v. State*, 286 Ga. 245 (8) (686 SE2d 777) (2009). In such situations, however, we have held that if a defendant raises an issue on appeal that, on remand, would bar entry of a conviction on a verdict that was merged or vacated, it is appropriate to address that issue. See *Walker*, 293 Ga. at 717 (3). Here, Allaben contends that the verdicts for felony murder, aggravated assault, battery, and simple battery were mutually exclusive of the reckless conduct verdict and thus void from the beginning. Because no valid judgment may be entered on a void verdict, see *Anthony v. Gator Cochran Constr.*, 288 Ga. 79, 80 (702 SE2d 139) (2010), it is appropriate to address Allaben's attack on those guilty verdicts at this time.

(1) An aggravated assault charge may be predicated on OCGA § 16-5-20 (a) (1) (assault by attempting "to commit a violent injury to the person of another"), which requires specific criminal intent and would be mutually exclusive of a verdict for a crime of criminal negligence. Alternatively, such a charge may be predicated on OCGA § 16-5-20 (a) (2) (assault by placing the victim "in reasonable apprehension of immediately receiving a violent injury"), which does not require a specific intent toward the victim and would not be mutually exclusive of a verdict based on negligence. See *Walker*, 293 Ga. at 712 (2) (b); *Jackson*, 276 Ga. at 412, n. 5. We have held that if "the indictment, the evidence, the jury instructions, and the verdict form all allowed the jury to find [a defendant] guilty of aggravated assault and thus felony murder based on either OCGA § 16-5-20 (a) (1) or (a) (2)," then we must conclude that the jury based the verdict on (a) (1) in determining if the verdict was mutually exclusive of another verdict returned by the jury. *Walker*, 293 Ga. at 713 (2) (b). Accord *Jackson*, 276 Ga. at 412-413, n. 5.

Here, the indictment charged Allaben with felony murder based on aggravated assault and with aggravated assault with intent to murder. The trial court instructed the jury that the felony murder charge was predicated on aggravated assault with intent to murder and separately charged on aggravated assault with intent to murder. The court also charged the jury that it could find Allaben guilty of felony murder based on aggravated assault and of aggravated assault

only if it found "beyond a reasonable doubt that [Allaben] attempted to cause a violent injury to the alleged victim." See OCGA § 16-5-20 (a) (1). The trial court did not include a charge on OCGA § 16-5-20 (a) (2). Consequently, the jury's verdicts on felony murder and aggravated assault, on the one hand, and reckless conduct, on the other, were mutually exclusive. We thus must set aside the guilty verdicts for felony murder and aggravated assault. See *Walker*, 293 Ga. at 716 (2) (e); *Jackson*, 276 Ga. at 413.

(2) As for the guilty verdicts for simple battery and battery, the trial court charged the jury that to find Allaben guilty of simple battery, it had to find that he intentionally caused physical harm to the victim, see OCGA § 16-5-23 (a) (2), and to find him guilty of battery, it had to find that he intentionally caused substantial physical harm or visible bodily harm to the victim. See OCGA § 16-5-23.1 (a). Thus, the guilty verdicts for those crimes and reckless conduct were mutually exclusive, and we must set aside the guilty verdicts for the two battery offenses. See *Walker*, 293 Ga. at 716 (2) (e); *Jackson*, 276 Ga. at 413.

3. We do not address Allaben's remaining enumerations of error, because they relate to issues that are not likely to recur in the event of a retrial.

*Judgment reversed and case remanded. All the Justices concur.*

NAHMIAS, Justice, concurring.

I join the Court's opinion in full, because it fairly applies our current doctrine on mutually exclusive verdicts as enunciated in *Jackson v. State*, 276 Ga. 408, 409-413 (577 SE2d 570) (2003), and followed in subsequent cases including our recent decision — which I authored — in *Walker v. State*, 293 Ga. 709, 711-717 (749 SE2d 663) (2013). However, having studied this doctrine further in light of the facts and arguments presented in *Walker* and in this case, I have developed significant doubts about *Jackson* and whether the Court should adhere to that precedent in future cases as a matter of stare decisis. See *State v. Hudson*, 293 Ga. 656, 661 (748 SE2d 910) (2013) ("In determining whether to reexamine this Court's precedent, we must consider factors such as the age of the precedent, the reliance interests involved, the workability of the prior decision, and 'most importantly, the soundness of its reasoning.' " (citation omitted)).

*Jackson* is only a decade old, and its holding creates no substantive rights or other substantial reliance interests. See id. And while the *Jackson* majority analyzed the issue thoughtfully and reached a tenable conclusion, I find Justice Carley's dissent on this point, and

the reasoning of the cases from other state and federal courts that he cited, to be more compelling. See *Jackson*, 276 Ga. at 416-418 (Carley, J., dissenting).

But what concerns me most is the workability of the *Jackson* line of decisions, particularly in relation to other lines of our precedent. Most significantly, Georgia courts have long treated crimes with a mens rea element of criminal negligence or recklessness as "lesser included offenses" of related crimes requiring proof of intent or malice — that is, as crimes that are "established by proof of . . . a *less culpable mental state* than is required to establish the commission of the [greater] crime charged." OCGA § 16-1-6 (1) (emphasis added).[4] A defendant is entitled upon written request to a jury instruction and verdict option on such a "lesser included" offense if even slight evidence supports it — or the trial court may in its discretion charge the jury on the "lesser included" offense sua sponte. See *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

Yet if the jury finds the defendant guilty of both the "greater" crime requiring the "greater" mental state (intent or malice) and its "lesser included" crime requiring a "less culpable" mental state (negligence or recklessness), we no longer treat those crimes as greater and lesser, merging the lesser into the greater for sentencing. Instead, under *Jackson*, the crimes are now deemed "mutually exclusive," requiring the verdicts on *both* crimes to be set aside. See *Jackson*, 276 Ga. at 413. This anomaly creates a " 'trap for the unwary' trial judge since 'even an accused who induces the erroneous instruction will be entitled to a new trial, because the judgment entered on a mutually exclusive verdict is deemed void,' " *Walker*, 293 Ga. at 716, n. 3 (citation omitted) — although perhaps our trial judges have become wary of this trap, since it appears that only a handful of

---

[4] See, e.g., *Kendrick v. State*, 290 Ga. 873, 875 (725 SE2d 296) (2012) (indicating that evidence of reckless conduct could "support a charge on involuntary manslaughter as a lesser included offense of felony murder"); *DeLeon v. State*, 289 Ga. 782, 782, n.1, 784-785 (716 SE2d 173) (2011) (holding that reckless conduct merges into aggravated battery, although the latter requires proof of malice); *Sanders v. State*, 289 Ga. 655, 655-656 (715 SE2d 124) (2011) (noting defendant's conviction for "involuntary manslaughter during the commission of reckless conduct by depriving the child [victim] of necessary sustenance, which was a lesser included offense of a . . . malice murder count"); *Sigman v. State*, 287 Ga. 220, 221 (695 SE2d 232) (2010) (discussing reckless conduct as a lesser included offense of cruelty to children, aggravated battery, and aggravated assault, and involuntary manslaughter based on reckless conduct as a lesser included offense of malice murder and felony murder); *Wells v. State*, 309 Ga. App. 661, 664 (710 SE2d 860) (2011) (explaining that second-degree cruelty to children, which requires proof of criminal negligence, is a lesser included offense of first-degree child cruelty, which requires proof of malice); *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985) (holding that reckless conduct is a lesser included offense of aggravated assault with a deadly weapon).

convictions have been reversed under *Jackson* in the decade since it was decided.

A second incongruity arises in cases like this one, involving guilty verdicts for malice murder and reckless conduct. In applying the malice murder statute, see OCGA § 16-5-1 (a), (b), we have equated recklessness with intent, holding that "a reckless disregard for human life constitutes implied malice and implied malice is, in turn, the equivalent of a specific intent to kill, [so] it necessarily follows that reckless disregard for human life may be the equivalent of a specific intent to kill." *Parker v. State*, 270 Ga. 256, 260 (507 SE2d 744) (1998), overruled on other grounds by *Linson v. State*, 287 Ga. 881, 886 (700 SE2d 394) (2010). As the Court's opinion explains, the trial court here did not instruct the jury on this point, and the verdict form did not specify whether the jury found express or implied malice, so the *Parker* line of precedent could not be used to reconcile the jury's verdicts. Nevertheless, the equation of criminal negligence and recklessness with malice and intent in our malice murder case law appears to contradict the position taken in *Jackson* and its progeny that these mental states "cannot logically mutually exist," 276 Ga. at 410 & n. 3 — although it could be that our malice murder precedents are the ones that need to be reconsidered, as three Justices argued in *Parker*. See 270 Ga. at 261-263 (Hunstein, J., concurring specially).

Moreover, if *Jackson* is right, then defendants charged only with crimes requiring proof of criminal negligence or recklessness could defend themselves by asserting that they actually acted with specific intent and utter malice. Thus, for example, a defendant charged with reckless driving resulting in a car crash, see OCGA § 40-6-390, could defend himself by testifying that he actually *intended* to cause the crash; likewise, a defendant charged with second-degree cruelty to children for negligently shaking her baby, causing the child excessive physical pain, see OCGA § 16-5-70 (c), could defend herself by showing that she actually hurt the child *maliciously*. This consequence of *Jackson*'s understanding of the relation between reckless/negligent and intentional/malicious mental states seems strange, and it may create an incentive for the State to overcharge defendants whose conduct was only reckless or criminally negligent.

Finally, I note that if *Jackson* was wrongly decided, then the error cannot be readily corrected by statutory amendment; if indeed the Court erred, it is our responsibility to correct the mistake. Nevertheless, this is not the case in which to answer that question. As in *Walker*, the State in this case did not argue in its brief on appeal that *Jackson* should be overruled, contending instead that the precedent could be distinguished. It cannot, as the Court correctly holds.

I therefore join the Court's opinion and await a future case in which the validity of *Jackson*'s holding is squarely challenged and fully briefed to determine whether the misgivings I have outlined above are both justified and significant enough to warrant overruling the *Jackson* line of precedent.

I am authorized to state that Justice Blackwell joins in this concurrence.

DECIDED NOVEMBER 25, 2013 —
RECONSIDERATION DENIED DECEMBER 11, 2013.

*Gerard B. Kleinrock*, for appellant.

*Robert D. James, Jr., District Attorney, Deborah D. Wellborn, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.