**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A1687. THE STATE v. SAWYER.

MILLER, Judge.

Following a jury trial, Quentin A. Sawyer was found guilty of involuntary manslaughter as a lesser included offense of felony murder (OCGA § 16-5-3), aggravated assault (OCGA § 16-5-21 (a)), and possession of a firearm during the commission of a felony – aggravated assault (OCGA § 16-11-106 (b) (1).[1] Following a hearing on Sawyer's motion for new trial, the trial court set aside his aggravated assault conviction, finding that it was mutually exclusive with the offense of involuntary manslaughter. The State appeals, contending that the trial court erred in setting aside the aggravated assault verdict. For the reasons that follow, we reverse.

---

[1] Sawyer was also indicted for and convicted of possession of a pistol by a minor, carrying weapons within certain school areas and making a false statement.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows that Sawyer was a student at Chattahoochee County High School. On January 12, 2009, Sawyer, his cousin and a third student were riding home from school in a fourth student's car. On the way, the driver stopped to speak to the victim and agreed to give the victim a ride to the driver's uncle's house.

The victim initially got into the back seat of the car with Sawyer, but moved to the front passenger seat after the driver dropped one of the students off at his destination. Sawyer then pulled out a gun, played with it, pointed it at the victim's head and asked the victim what he had in his pocket. The victim touched the front of the gun and told Sawyer that he would take Sawyer's money. Sawyer and the victim then went "back and forth picking at each other[.]"

Less than a minute later, the driver stopped the car at his uncle's house and Sawyer shot the victim in the head. Sawyer then got out of the car and hid the gun in some bushes before returning to help the driver pull the victim out of the car and try to help stop the bleeding.

Meanwhile, the driver's cousin came out of the uncle's house and called 911. The responding deputy sheriff pulled up behind the driver's car and saw Sawyer and

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

another person kneeling over the victim who was lying on the ground near the passenger's side of the car with a rag over his head. The deputy asked Sawyer who shot the victim, and Sawyer responded that "I did." The deputy recovered the gun, and the victim died two days later. Sawyer was initially charged with involuntary manslaughter, however, he was subsequently indicted on charges of felony murder and aggravated assault after the autopsy report showed that the victim's gunshot wound was a contact wound.

In its sole enumeration of error, the State contends that the trial court erred in setting aside Sawyer's aggravated assault conviction.

> Verdicts are mutually exclusive where a guilty verdict on one count logically excludes a finding of guilt on the other. . . . A mutually exclusive verdict may be rendered in a particular case where the offenses or acts alleged in the indictment as underlying the [aggravated assault] and involuntary manslaughter counts reflect that the jury, in order to find the defendant guilty on both counts, necessarily reached two positive findings of fact that cannot logically mutually exist. To determine whether this occurred, the alleged underlying offenses or acts must be carefully scrutinized.

(Citations and punctuation omitted.) *Flores v. State*, 277 Ga. 780, 783 (3) (596 SE2d 114) (2004).

Aggravated assault with a deadly weapon, OCGA § 16-5-21 (a)(2), may be committed either by attempting to commit a violent injury to the person of another, OCGA § 16-5-20 (a) (1), or by committing an act which places another in reasonable apprehension of immediately receiving a violent injury[,] OCGA § 16-5-20 (a) (2). A verdict of guilty as to aggravated assault based on OCGA § 16-5-20 (a) (1) requires a finding of an intentional infliction of injury, which precludes the element of criminal negligence in reckless conduct. A verdict of guilt predicated on OCGA § 16-5-20 (a) (2) does not.

(Citations and punctuation omitted.) *Dryden v. State*, 285 Ga. 281, 282 (676 SE2d 175) (2009). See also *Jackson v. State*, 276 Ga. 408, 411 (2) (577 SE2d 570) (2003) (proof of criminal intent is essential for a conviction based on OCGA § 16-5-20 (a) (1)). In determining whether Sawyer's convictions for involuntary manslaughter and aggravated assault were mutually exclusive, we look to the indictment, the evidence, the jury instructions and the verdict form.

In this case, the indictment charged Sawyer with aggravated assault based on his actions in knowingly shooting the victim with "a pistol, a deadly weapon."

Additionally, the verdict form returned by the jury did not specify which assault subsection served as the basis for Sawyer's convictions.[3] Nevertheless, our

---

[3] We note that the State argued in closing that Sawyer's actions in pointing the gun at the victim's head went beyond reckless and were intentional. See *Allaben v.*

4

review of the record shows that the trial court only charged the jury on OCGA § 16-5-20 (a) (2). Notably, in its initial jury charge, the trial court charged the jury under OCGA § 16-5-20 (a) (2) that

> a person commits the offense of aggravated assault when that person assaults another with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It's only necessary that the evidence shows beyond a reasonable doubt that the defendant intentionally committed an act that placed the victim in reasonable fear of immediately receiving a violent injury[.][4]

> After consideration of all the evidence, if you find that the facts do not support the charge of felony murder, you can also consider the offense of involuntary manslaughter. A person commits involuntary manslaughter when that person causes the death of another human being without any intention to do so by commission of the offense, in this case of reckless conduct[.]

---

*State*, 294 Ga. 315, 317 (2) n. 2 (751 SE2d 802) (2013). The trial court, however, charged the jury that closing arguments are not evidence, and qualified jurors under oath are presumed to follow the trial court's instructions. See *Drake v. State*, 288 Ga. 131, 134-135 (2) (702 SE2d 161) (2010).

[4] The trial court's charge substantially followed the pattern charge for aggravated assault with a deadly weapon. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.20.21 (4th ed. 2013).

Thereafter, in response to jury questions as to whether it could find Sawyer guilty of aggravated assault without finding him guilty of felony murder, the trial court responded that the jury had to make an independent decision on the aggravated assault count. In order to ensure that the jury understood the form of the verdict, the trial court subsequently recharged the jury as follows:

> There are six counts in this indictment[.] . . . On Count 1 involving felony murder, you've listened to the facts of the case, discuss among yourselves and see if in fact there was a felony committed, which in this case would be aggravated assault[.] . . . If you individually or collectively do not feel the facts support the charge of felony murder, then you also have the option under Count 1 to look at the lesser included involuntary manslaughter, which is also a felony, but involves the act of a misdemeanor, which in this case is reckless conduct. So you make a determination if a reckless conduct occurred[.] . . . You also have the option to find an individual not guilty on both of these and still can go to the rest of these counts because *the rest of the counts stand alone*. So the bottom line is that you have two options in Count 1, either felony murder or involuntary manslaughter or you could find not guilty of both. Then you'd go to the aggravated assault, which stands alone. You'd determine whether or not aggravated assault has been committed based *on the definition that I gave you*. (Emphasis supplied.)

One of the jurors then asked the trial court to read the definition of aggravated assault. In response, the trial court recharged the jury that

6

[a] person commits the offense of aggravated assault when that person assaults another with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant intentionally committed an act that placed the alleged victim in a reasonable fear of immediately receiving a violent injury.

As set forth above, we look to the indictment, the evidence, the jury instructions and the verdict form in determining whether there is a reasonable probability that the jury might have returned a mutually exclusive verdict. If these factors allowed the jury to find the defendant guilty of aggravated assault based on either OCGA § 16-5-20 (a) (1) or (a) (2), then we must conclude that the jury based the verdict on (a) (1) in determining if the verdict was mutually exclusive. See *Allaben*, supra, 294 Ga. at 321 (2) (b); *Walker v. State*, 293 Ga. 709, 713 (2) (b) (749 SE2d 663) (2013); *Jackson*, supra, 276 Ga. at 411-413 (2).

Under the specific circumstances of this case, we find that the jury instructions only gave the jury the choice of finding Sawyer guilty of aggravated assault based on OCGA § 16-5-20 (a) (2), which does not require a finding of specific criminal intent toward the victim. Accordingly, there is no reasonable probability that the jury found that Sawyer acted with specific criminal intent in committing the aggravated assault.

7

Moreover, there was no risk that the jury returned verdicts for aggravated assault and involuntary manslaughter that were mutually exclusive.

Since the jury's verdicts were not mutually exclusive, the trial court erred in setting aside Sawyer's conviction for aggravated assault. Accordingly, we reverse the trial court's grant of Sawyer's motion for a new trial on that count.

*Judgment reversed. Barnes, P. J., concurs. Ray, J., concurs fully and specially.*

# In the Court of Appeals of Georgia

A13A1687.  THE STATE v. SAWYER.

RAY, Judge.

I concur fully in the majority's opinion and in the resolution of this case. However, I write separately to point out that if the trial court had properly found that the verdicts were mutually exclusive, which we have herein determined *not* to be the case, the correct remedy would have been to grant a new trial both on Count 1 as to the lesser included offense of involuntary manslaughter and on Count 2 as to aggravated assault.  See *Walker v. State*, 293 Ga. 709, 716-717 (2) (e) (749 SE2d 663) (2013). Here, the trial court merely granted a new trial on the aggravated assault charge and left in place the conviction for involuntary manslaughter. Such error is moot, however, given our decision to reinstate the conviction for aggravated assault based on our conclusion that the verdicts were not mutually exclusive.