**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 30, 2014

# In the Court of Appeals of Georgia

A14A0598. SPRINGER v. THE STATE.

RAY, Judge.

Roderick Lanier Springer was indicted for felony murder (OCGA § 16-5-1 (c)), aggravated assault (OCGA § 16-5-21), and possession of a gun during the commission of a felony (OCGA § 16-11-106)[1]. A Carroll County jury found him guilty of involuntary manslaughter as a lesser-included offense of felony murder, as well as aggravated assault and possession of a firearm during the commission of a felony. He appeals from the denial of his motion for new trial, arguing that his convictions must be set aside because the jury returned mutually exclusive verdicts. He also contends that the trial court erred in determining which jury instructions to

_____

[1] Springer was also indicted for possession of a firearm by a convicted felon, but that charge was not submitted to the jury for consideration.

issue. For the reasons that follow, we reverse Springer's convictions and remand the case to the trial court for a new trial.

"It is well established that on appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence[.]" (Citation and punctuation omitted.) *Barber v. State*, 273 Ga. App. 129 (1) (614 SE2d 105) (2005). The evidence presented at trial shows that, in the early morning hours of August 2, 2002, there was a large crowd of people in the parking lot of a Krystal restaurant when a fight broke out. Springer's co-defendant, Travis Barber, arrived with several friends during the melee. Shortly after he arrived, Barber climbed on top of a car, pulled a gun out of his pants, waved it around, and started shooting. There was also evidence that Springer was in the crowd and shooting a gun. When police officers arrived at the scene, they found a man lying between two cars in the parking lot. The victim, Latorrious Mitchell, was an innocent bystander who had been shot in the back and killed.

1. Springer contends that the trial court should have granted his motion for new trial because the jury returned mutually exclusive verdicts of involuntary manslaughter and aggravated assault, resulting in a reasonable probability that it

concluded that Springer acted with both criminal intent (with the intent to harm) and criminal negligence (without the intent to harm). We agree.

"Verdicts are mutually exclusive where a guilty verdict on one count logically excludes a finding of guilt on the other." (Citations and punctuation omitted.) *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003).[2] Georgia courts have held that "verdicts are mutually exclusive where a jury returns verdicts of guilt as to both criminal intent and criminal negligence offenses in those factual situations involving the same act by the accused as to the same victim at the same instance of time." (Citations and punctuation omitted.) *Allaben,* supra at 316 (2).[3] This is because "[s]uch verdicts reflect an illogical finding by the jury that the defendant acted with both criminal intent and criminal negligence toward the victim." (Citation and punctuation omitted.) Id. Further, if a guilty verdict is returned on a crime that can be committed in two ways,

---

[2] Questions about the correctness of the holding in *Jackson*, supra., and whether it should be overruled were thoughtfully addressed by Justice Nahmias in a concurring opinion and joined by Justice Blackwel in *Allaben v. State*, 294 Ga. 315, 322-325 (751 SE2d 802) (2013). While the Supreme Court is vested with discretion to review and overrule its decisions, we, of course, are bound to follow them.

[3] See also *Dumas v. State*, 266 Ga. 797, 799 (471 SE2d 508) (1996) (verdicts are mutually exclusive where it is "both legally and logically impossible to convict [the accused] of both counts").

3

one of which is, and one of which is not, mutually exclusive of a guilty verdict for a second crime, the guilty verdicts are considered mutually exclusive unless we can conclusively state that the verdict on the first crime rested exclusively on the non-mutually exclusive ground so as to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict.

(Citation and punctuation omitted.) Id. To determine whether this occurred, the alleged underlying offenses or acts must be carefully scrutinized.

Here, Springer's involuntary manslaughter and aggravated assault verdicts involve the "same act by the accused as to the same victim at the same instance of time." (Citation and punctuation omitted.) *Walker v. State*, 293 Ga. 709, 712 (2) (a) (749 SE2d 663) (2013).

Aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2), may be committed either by attempting to commit a violent injury to the person of another, OCGA § 16-5-21 (a) (1), or by committing an act which places another in reasonable apprehension of immediately receiving a violent injury[,] OCGA § 16-5-20 (a) (2). A verdict of guilty as to aggravated assault based on OCGA § 16-5-21 (a) (1) requires a finding of an intentional infliction of injury, which precludes the element of criminal negligence in reckless conduct. A verdict of guilt predicated on OCGA § 16-5-20 (a) (2) does not.

(Citations and punctuation omitted.) *State v. Sawyer*, __ Ga. App. __ (755 SE2d 905) (2014). When determining whether Springer's convictions for involuntary manslaughter and aggravated assault were mutually exclusive, we look to the indictment, the evidence, the verdict form, and the jury instructions. Id.[4]

In this case, the jury's verdict form specifically found Springer guilty of involuntary manslaughter based upon reckless conduct as a lesser-included offense of felony murder. Our Supreme Court has held that "a guilty verdict for involuntary manslaughter based on reckless conduct required a finding that the defendant acted with criminal negligence, that is, without any intention to do so." (Citation and punctuation omitted.) *Allaben,* supra at 317 (2) (a). Thus, the jury's involuntary manslaughter conviction would be mutually exclusive of an aggravated assault conviction under OCGA § 16-5-20 (a) (1). Compare *Sawyer*, supra (where jury instructions only gave jury the choice of finding defendant guilty of aggravated assault based on OCGA § 16-5-20 (a) (2), which does not require a finding of specific criminal intent, there was no risk that jury's verdicts for aggravated assault and involuntary manslaughter were mutually exclusive).

---

[4] The State's brief in this case does not really address this point, and it does not contain any discussion or citations to the record as to what subsection of the aggravated assault statute under which the jury convicted Springer.

Springer's indictment charged him with aggravated assault based on his actions in "engaging in an exchange of gunfire. . . which resulted in Latorrious Mitchell being shot and killed[.]" The verdict form returned by the jury did not specify which subsection of OCGA § 16-5-21 (a) served as the basis for Springer's aggravated assault conviction. The trial court's jury instructions on aggravated assault charged the jury under *both* OCGA § 16-5-21 (a) (1) and (a) (2). The trial court instructed that Springer is

> charged with the offense of aggravated assault, and I'll give you that definition again. A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. An assault is *attempt to commit a violent injury to the person of another* or *an act which places another person in reasonable apprehension of immediately receiving a violent injury.*

(Emphasis supplied.)

Because an examination of the indictment, the evidence, the jury instructions and the verdict form shows that the jury could have found Springer guilty of aggravated assault under OCGA § 16-5-20 (a) (1) or (a) (2), "then we must conclude that the jury based the verdict on (a) (1) in determining if the verdict was mutually exclusive." (Citation omitted.) *Sawyer*, supra. Because we cannot conclusively state

6

that the jury's aggravated assault verdict "rested exclusively on either criminal negligence *or* criminal intent so as to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict by finding [Springer] acted *with both* criminal intent and criminal negligence at the same time as to the same victim," we must reverse Springer's convictions and remand for a new trial. (Punctuation and footnote omitted; emphasis in original.) *Holcomb v. State*, 310 Ga. App. 853, 855-856 (2) (714 SE2d 407) (2011).[5]

2. Because of our holding in Division 1, we need not address Springer's remaining enumerations of error.

*Judgment reversed and case remanded. Andrews, P. J., and McFadden, J., concur.*

---

[5] Because we reverse and remand Springer's convictions for the predicate offenses that support his conviction for possession of a gun during the commission of a felony, his conviction as to that charge must be reversed and remanded as well. See *Ward v. State*, 304 Ga. App. 517, 524 (2) (696 SE2d 471) (2010); *King v. Waters*, 278 Ga. 122, 123 (1), (2) (598 SE2d 476) (2004).