296 Ga. 415
FINAL COPY

S14A1485. GRIFFIN v. THE STATE.

MELTON, Justice.

Following a jury trial, Lester Casey Griffin was found guilty of involuntary manslaughter based on misdemeanor battery as a lesser included offense of malice murder, felony murder, two counts of cruelty to children, aggravated battery, and aggravated assault.[1] On appeal, Griffin contends that the resulting convictions must be reversed because the jury rendered inconsistent verdicts. For the reasons set forth below, we affirm.

---

[1] Griffin was indicted on September 21, 2009, by the Effingham County grand jury for malice murder, felony murder predicated on cruelty to a child, felony murder predicated on aggravated battery, felony murder predicated on aggravated assault, aggravated battery, aggravated assault, and two counts of cruelty to children for two different acts. At a jury trial in November 2010, Griffin was found guilty of involuntary manslaughter as a lesser included offense of malice murder and guilty of all other charges. Griffin was sentenced to life imprisonment without parole for felony murder predicated on cruelty to children, and twenty consecutive years for one of the cruelty to children counts. The remaining charges were merged for purposes of sentencing. On December 28, 2010, Griffin filed a motion for new trial, which he amended on March 26, 2014. The trial court denied the motion on the day it was amended. Griffin filed a timely notice of appeal, and his case, submitted for decision on the briefs, was docketed to the September 2014 term of this Court.

1. In the light most favorable to the verdict, the record shows that, on June 28, 2009, two-year-old Dylan Helmey was at home with his younger half-brother, Jaiden, and Griffin, who was babysitting. Griffin was the live-in boyfriend of Dylan's mother, who had left home at 11:00 a.m. At around 1:30 p.m., Officer Brion Hunt responded to a call that Dylan had stopped breathing. By the time Officer Hunt arrived, Dylan was dead. The next day, an autopsy was performed, and the medical examiner determined that Dylan sustained over one hundred injuries within two hours of his death. The most significant injury was a laceration to the right atrium of Dylan's heart, caused by extreme force. When confronted with the autopsy results, Griffin admitted that he had gotten angry at Dylan and hit the child in the chest. Finally, he admitted that it was not the first time Dylan had been harmed while in his care.

This evidence was sufficient to enable the jury to find Griffin guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Griffin argues that his convictions must be reversed because the verdicts were mutually exclusive. Specifically, Griffin maintains that the verdicts were inconsistent because the jury considered

the blow to Dylan's chest a misdemeanor for the purposes of the involuntary manslaughter verdict and a felony offense for the purposes of the felony murder verdicts. As a result, Griffin contends that all of his convictions must be reversed, see Jackson v. State, 276 Ga. 408 (2) (577 SE2d 570) (2003), and that he should be granted a new trial. See Thomas v. State, 261 Ga. 854 (1) (413 SE2d 196) (1992). We disagree.

> "Verdicts are mutually exclusive 'where a guilty verdict on one count logically excludes a finding of guilt on the other. (Cits.)' [Cits.]" Jackson v. State, [supra, 276 Ga. at 410 (2)]. While guilty verdicts on involuntary manslaughter and felony murder are not mutually exclusive as a matter of law, Smith v. State, 267 Ga. 372 (6) (477 SE2d 827) (1996), a mutually exclusive verdict may be rendered in a particular case where the offenses underlying the felony murder and involuntary manslaughter convictions "reflect that the jury, in order to find the defendant guilty [of both offenses], necessarily reached two positive findings of fact that cannot logically mutually exist." (Citations and punctuation omitted.) Flores v. State, 277 Ga. 780, 783 (3) (596 SE2d 114) (2004). A mutually exclusive verdict results when the jury finds that the defendant acted with both criminal intent and criminal negligence at the same instant regarding the same victim involving the same act. See id. (finding mutually exclusive verdict where appellant was found guilty of both felony murder based on aggravated assault and involuntary manslaughter based on reckless conduct as to a single homicide victim).

Drake v. State, 288 Ga. 131, 133 (2) (702 SE2d 161) (2010). Moreover,

> if the predicate offense found by the jury for involuntary

3

manslaughter was simple battery or battery, which are misdemeanor offenses committed with criminal intent, see OCGA §§ 16-5-23 (a), 16-5-23.1(a), then the intent element of the battery offenses would be logically consistent with the mens rea required for the felony offense of cruelty to children on which appellant's felony murder conviction is predicated. See OCGA § 16-5-70 (b); Carter v. State, 269 Ga. 420 (5) (499 SE2d 63) (1998) (involuntary manslaughter based on simple battery not inconsistent with felony murder based on cruelty to children).

Id. at 133-134 (2).

This precedent controls the result in this case. In addition to involuntary manslaughter based on simple battery, Griffin was found guilty of felony murder predicated on cruelty to a child, felony murder predicated on aggravated battery, and felony murder predicated on aggravated assault.

Because the predicate offense for involuntary manslaughter was simple battery, it did not require proof of criminal negligence, and the intent element of simple battery was not at all logically inconsistent with the mens rea required for the greater offense of aggravated assault, aggravated battery, or cruelty to children.

(Citations omitted.) Waits v. State, 282 Ga. 1, 3 (2) (644 SE2d 127) (2007). Accordingly, Griffin's verdicts were not mutually exclusive, and his convictions must stand.

Judgment affirmed. All the Justices concur.

NAHMIAS, Justice, concurring.

I join the Court's opinion in full, including its conclusion that the jury's guilty verdict on the count of involuntary manslaughter based on simple battery, a crime requiring criminal intent, is obviously not mutually exclusive of the guilty verdicts on the other counts, which also required findings of criminal intent. Because this case does not involve any crime of criminal negligence, it is not necessary for the Court to repeat the proposition that "'[a] mutually exclusive verdict results when the jury finds that the defendant acted with both criminal intent and criminal negligence at the same instant regarding the same victim involving the same act.'"

Since the Court does so, however, I again note the serious doubts that I, joined by Justice Blackwell, have recently expressed about the legal and logical basis of that proposition, which this Court first endorsed in Jackson v. State, 276 Ga. 408 (577 SE2d 570) (2003). See State v. Owens, 296 Ga. 205, 213 (___ SE2d ___) (2014) (Nahmias, J., concurring); Allaben v. State, 294 Ga. 315, 322-325 (751 SE2d 802) (2013) (Nahmias, J., concurring). See also Jackson, 276 Ga. at 416-418 (Carley, J., dissenting). I also note that our Court granted

a petition of certiorari last month in <u>State v. Springer</u>, Case. No. S14G1539, to decide whether <u>Jackson</u> and its progeny should be overruled.

I am authorized to state that Justice Blackwell joins in this concurrence.

Decided January 20, 2015.

Murder. Effingham Superior Court. Before Judge Woodrum.

<u>Robert L. Persse</u>, for appellant.

<u>Richard A. Mallard, District Attorney, Benjamin T. Edwards, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General</u>, for appellee.