NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full, including its conclusion that the jury’s guilty verdict on the count of involuntary manslaughter based on simple battery, a crime requiring criminal intent, is obviously not mutually exclusive of the guilty verdicts on the other counts, which also required findings of criminal intent. Because this case does not involve any crime of criminal negligence, it is not necessary for the *418 Court to repeat the proposition that “ ‘[a] mutually exclusive verdict results when the jury finds that the defendant acted with both criminal intent and criminal negligence at the same instant regarding the same victim involving the same act.’ ”
Decided January 20, 2015.
Robert L. Persse, for appellant.
Richard A. Mallard, District Attorney, Benjamin T. Edwards, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.
Since the Court does so, however, I again note the serious doubts that I, joined by Justice Blackwell, have recently expressed about the legal and logical basis of that proposition, which this Court first endorsed in Jackson v. State, 276 Ga. 408 (577 SE2d 570) (2003). See State v. Owens, 296 Ga. 205, 213 (766 SE2d 66) (2014) (Nahmias, J., concurring); Allaben v. State, 294 Ga. 315, 322-325 (751 SE2d 802) (2013) (Nahmias, J., concurring). See also Jackson, 276 Ga. at 416-418 (Carley, J., dissenting). I also note that our Court granted a petition of certiorari last month in State v. Springer, Case No. S14G1539, to decide whether Jackson and its progeny should be overruled.
I am authorized to state that Justice Blackwell joins in this concurrence.